**ALTFELD BATTAILE & GOLDMAN, P.C.**
**250 North Meyer Avenue**
**Tucson, Arizona 85701**
**Tel:   (520) 622-7733**
**Fax:   (520) 622-7967**
**John F. Battaile, ASB No. 4103**
**JFBattaile@abgattorneys.com**
*Attorneys for Defendant, The Topps Company, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Malcomson,<br>        Plaintiff,<br><br>v.<br><br>The Topps Company, Inc.,<br>        Defendant. | NO. CV08-2306-PHX-GMS<br><br>**ANSWER** |

Defendant, The Topps Company, Inc., answers the Complaint for Relief as follows:

### **First Defense**

1.   Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraphs 1, 3, and 4 of the complaint.

2.   Denies each and every allegation in paragraph 2 of the complaint, except admits the last two sentences of that paragraph.

3.   Denies each and every allegation in paragraph 5 and the ad damnum clauses of the complaint.

4.   Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 6 of the complaint, except denies that any alleged use of Plaintiff's work was illegal.

5.  Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 7 of the complaint, except denies the last sentence of that paragraph.

6.  Denies each and every allegation in paragraph 8 of the complaint, except admits that Plaintiff contacted Topps on one or more occasions.

7.  Denies each and every allegation in the wherefore clauses of the complaint under the section entitled "Demand," except admits that Plaintiff contacted Topps on one or more occasions, and admits that Topps announced its decision to close down Wizkids in November 2008.

**Second Affirmative Defense**

8.  The complaint fails to state a claim against Topps upon which relief can be granted.

**Third Affirmative Defense**

8.  The Court lacks personal jurisdiction over Topps.

**Fourth Affirmative Defense**

9.  The Court lacks subject matter jurisdiction over this action.

**Fifth Affirmative Defense**

10. Plaintiff's claims are barred by the doctrine of waiver.

**Sixth Affirmative Defense**

11. Plaintiff's claims are barred by the doctrine of estoppel.

**Seventh Affirmative Defense**

12. Plaintiff's claims are barred by the doctrine of laches.

**Eighth Affirmative Defense**

13. Plaintiff's claims are barred by the applicable statute of limitations.

**Ninth Affirmative Defense**

14. Plaintiff's claims are barred by the doctrine of acquiescence.

**Tenth Affirmative Defense**

15. Plaintiff's claims are barred because he fails to name necessary parties.

**Eleventh Affirmative Defense**

16. Plaintiff does not have a valid copyright in the claimed work.

**Twelfth Affirmative Defense**

17. Plaintiff's claims are barred by the doctrine of fair use, codified at 17 U.S.C.§ 107.

**Thirteenth Affirmative Defense**

18. Plaintiff's claims are barred by the doctrine of incidental use.

**Fourteenth Affirmative Defense**

19. Plaintiff's claims are barred by the First Amendment.

**Fifteenth Affirmative Defense**

20. Plaintiff's claims are barred by the doctrine of abandonment.

**Sixteenth Affirmative Defense**

21. Plaintiff's claims are barred by the doctrine of unclean hands.

**Seventeenth Affirmative Defense**

22.  Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Topps had neither control nor responsibility.

**Eighteenth Affirmative Defense**

23.  Plaintiff failed to mitigate his damages.

**Nineteenth Affirmative Defense**

24.  Topps acted with innocent intent.

Wherefore, Topps urges the Court to dismiss the complaint, and award it the costs and disbursements of this action, reasonable attorneys' fees, and such other relief as may be just and proper.

RESPECTFULLY SUBMITTED this January 12, 2009.

**ALTFELD BATTAILE & GOLDMAN, P.C.**

 /s/ John F. Battaile
John F. Battaile
*Attorneys for Defendant, The Topps Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer was served on Plaintiff, Scott Malcomson, 450 N. Hall, Mesa, Arizona 85203 U.S. Mail this January 12, 2009.

 /s/ Elena C. Todd
Elena C. Todd