**ALTFELD BATTAILE & GOLDMAN, P.C.**
**250 North Meyer Avenue**
**Tucson, Arizona 85701**
**Tel:(520) 622-7733**
**Fax:(520) 622-7967**
**JFBattaile@abgattorneys.com**
**John F. Battaile, ASB No. 4103**

**Ingram Yuzek Gainen Carroll & Bertolotti, LLP**
**250 Park Avenue**
**New York, New York 10177**
**Tel: (212) 907-9600**
**Fax: (212) 907-9681**
**Debert@ingramllp.com**
**David G. Ebert**
**Mioko C. Tajika**
***Admitted Pro Hac Vice***

*Attorneys for Defendant, The Topps Company, Inc.*

**Scott Malcomson**
**450 N. Hall**
**Mesa, Arizona 85203**
**Tel: (602) 323-7458**
**Calbeck@yahoo.com**
**Plaintiff, *Pro Se***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Scott Malcomson,<br><br>Plaintiff,<br><br>v.<br><br>The Topps Company, Inc.,<br><br>Defendant. | NO. CV08-2306-PHX-GMS<br><br>**JOINT RULE 26(f) REPORT** |

The undersigned parties certify that they have discussed the nature and bases of their claims and defenses and any possibilities for settlement, and have developed the following proposed case management plan. Counsel for Defendant, The Topps Company, Inc., certify that a copy of this report has been forwarded to Topps.

**The Rule 26(f) Conference**

**1. Attendees**

A. Scott Malcomson
*Pro se plaintiff*
450 N. Hall
Mesa, Arizona, 85203
Telephone: (602) 323-7458

B. Mioko C. Tajika
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
250 Park Avenue, 6th Floor
New York, New York 10177
Telephone: (212) 907-9622
*Attorneys for Defendant, The Topps Company, Inc.*

2. **List of Parties**

A. Plaintiff: Scott Malcomson, *pro se*

B. Defendant: The Topps Company, Inc. Topps's corporate parents are Tornante Co. and Madison Dearborn Partners.

**3. Statement of the Nature of the Case**

**A. Plaintiff's Statement:** In 1993, Plaintiff created a work known as the "Eridani Light Horse Scenario Pack" for FASA Corporation, at the request of its president Sam Lewis. FASA, the original owner of "Battletech" (the "Property"), engaged Plaintiff under an "on speculation" agreement for purposes of reviewing and evaluating the "Pack" for publication. Under this agreement, FASA obtained no rights or responsibilities regarding the "Pack" or any of its contents, and ultimately chose not to publish it in September 1996.

In 2000, FASA owner Jordan Weisman liquidated the company and transferred its assets to another of his companies, WizKids LLC. In late 2001, WizKids LLC launched ClassicBattleTech.com (the "Website"), which included a significant body of fiction related to

the Property. Part of this body included Plaintiff's "Eridani Light Horse History" (the "Work"), an excerpt from the rejected "Pack" being approximately seven pages in length. On discovery of this act in mid-2002, Plaintiff contacted WizKids' appointed Website manager, Warner Dole, informing of his intent to seek legal action on basis of copyright infringement. However, WizKids LLC (in the persons of Mr. Dole and Herbert Beas) and Plaintiff instead arrived at an agreement which precluded the need to pursue legal action: WizKids could continue using the Work as a canon part of the overall Property in exchange for accreditation as the author. No rights were exchanged in this process, by which Plaintiff's work became an integrated part of the overall Property. Plaintiff also provided WizKids LLC with a new and more extensive version of the work in June 2002 as per the terms of this agreement. At no time, however, did Plaintiff sign any of his copyrights in either version of the Work over to WizKids LLC. Plaintiff holds at this time that this made his Work a contribution to a "joint work" as opposed to a "collected work", and that on this basis he is a joint copyright holder of the Property.

In June 2003, WizKids LLC and its properties (which did not include Plaintiff's share of joint ownership) were purchased in their entirety by Topps, Inc., which raised no issues and continued to use the Work under the same conditions as had WizKids LLC. Topps therefore treated the Work as an integrated part of the Property for over two years. In August 2005, the Work was replaced with a newer version by another author, which in accordance with WizKids policy of the time, did not remove it from the overall body of the Property but instead relegated the Work to "out of print" status. Plaintiff therefore continued to claim the Work as an accredited publication and part of the overall Property. In 2006 and 2007, third-party inquiries into the legitimacy of Plaintiff's claim were challenged by persons alleging to speak on behalf of

WizKids. These persons claimed that the 2002 agreement had not been entered into by persons authorized by WizKids, and that the agreement therefore held no legitimacy. Inquiries by Plaintiff to WizKids requesting confirmation of the agreement were ignored. On this basis, and after having exhausted all possible means of establishing communications with WizKids regarding the issue, Plaintiff believed the original agreement to have been a fraudulent instrument. Plaintiff's discovery of this fraud, and thus of two counts of copyright infringement, dates to October 2007.

**B. Defendant's Statement:** Preliminarily, it is unclear to Topps what Plaintiff's claim is, and what Plaintiff is alleging is his copyrighted work. Plaintiff fails to attach a copy of the alleged copyrighted work to his complaint. Plaintiff also fails to attach a copy of the purported 2002 agreement between him and Wizkids, LLC, which allegedly recognizes Plaintiff's copyright ownership in the work. (Wizkids is a wholly-owned subsidiary of Topps since 2003.)

Nevertheless, based on what can be gleaned from the complaint, it appears that Plaintiff is claiming that he is the author of a piece of work (which was later resubmitted to Wizkids in revised form) that appeared on the Classic BattleTech web site. The work in question appears to be a fictional literary work on the history of the "Eridani Light Horse," a pre-existing work that appeared on the Classic BattleTech web site. Upon information and belief, this site was and is being operated by a Wizkids licensee.

For the reasons discussed in the statement regarding jurisdiction (Section 4 below), Topps believes that this Court lacks subject matter jurisdiction to hear this case, and lacks personal jurisdiction over Topps.

Plaintiff's claim is also barred by the three-year statute of limitations applicable to copyright infringement action. 17 U.S.C. § 507(b). The complaint alleges two possible timeframes during which Plaintiff's claim may have accrued. The first timeframe is in 2001 when Plaintiff allegedly first discovered the unauthorized use of his work on the Classic BattleTech site. The second is August 2005, when Plaintiff's work was allegedly removed from the Classic BattleTech site. Taking either of these timeframes, the three year statute of limitations expired by the time Plaintiff filed this action in December 2008.

Plaintiff fails to make out a claim for copyright infringement. To prove infringement, a Plaintiff must allege and prove: (1) ownership of a valid copyright; and (2) copying by the Defendant. Plaintiff fails to attach a copy of his alleged copyrighted work, and fails to allege that he has a certificate of registration from the Copyright Office. Topps believes that Plaintiff is unable to demonstrate the first element of the test for infringement—proving ownership of a valid copyright. Topps also believes that Plaintiff's claim suffers from several other substantive defects.

Additionally, none of the alleged acts that form the basis of Plaintiff's complaint were committed by Topps. The Classic BattleTech site was and is operated by Wizkids or its licensee, neither of whom is named as a Defendant in this action. Though Topps was the corporate parent of Wizkids during a part of the time when the alleged acts occurred, a parent company cannot be held liable for the acts or omissions of its subsidiary unless there is a ground to pierce the corporate veil. Here, there is none.

4. **Jurisdictional Basis for the Case**

**A. Plaintiff's Statement:** As this case involves violations of 17 U.S.C., the Court derives both personal and subject matter jurisdiction over Topps, Inc. per U.S. Constitution, Art. III, Sec. 2. International Shoe vs. Washington, 326 U.S. 310(1945), also set precedent that jurisdiction pertains to a company if it enjoys the benefits and protections of a forum State, even if it is not headquartered in that State. Topps, Inc.'s enjoyment of Arizona's benefits and protections currently exceed the enjoyments International Shoe obtained in Washington. As a primary example, Topps does extensive business throughout the State in terms of advertising, promotion and sale of various of its candy- and sports-related products there.

**B. Defendant's Statement:** The Court lacks subject matter jurisdiction over this action. There is no federal question jurisdiction under 28 U.S.C. §§ 1331 or 1338 because Plaintiff appears not to have complied with the requirements of 17 U.S.C. § 411. To the extent that Plaintiff is asserting any common law claims, there is no diversity jurisdiction under 28 U.S.C. § 1332, because the complaint fails to state, and Plaintiff is unable to show, that the amount in controversy exceeds the statutory threshold of $75,000.

Additionally, this Court has no personal jurisdiction over Topps, because Topps does not reside in or have sufficient connection to Arizona. Topps further denies any wrongdoing by Wizkids or its licensees, all of whom also do not reside in, or have sufficient connection to Arizona that Topps is aware of.

**5. Service on Parties**

All parties to this lawsuit that are currently before the Court have been served.

**6. Joinder of Parties and Amendment of Pleadings**

**A. Plaintiff's Statement:** At this time, Plaintiff has no joinders or amendments to declare.

**B. Defendant's Statement:** Topps does not anticipate the need to amend its pleading or to add any additional parties at this time. Should it deem necessary, Topps will move to amend or join additional parties by **May 29, 2009**.

7. **Contemplated Motions**

**A. Plaintiff's Statement:** Plaintiff has filed a Motion for Preliminary Injunction before this Court for purposes of preventing Topps, Inc. from selling disputed WizKids-related assets, and does not contemplate any further Motions being necessary to pursue redress.

**B. Defendant's Statement:** Topps was never served with the motion for preliminary injunction, and accordingly, has not responded to the motion.

Topps anticipates that it will make a dispositive motion on one or more of the following grounds:

i. Whether this Court possesses personal jurisdiction over Topps;

ii. Whether this action is barred by the doctrine of forum non conveniens;

iii. Whether this Court lack subject matter jurisdiction for lack of both federal question jurisdiction and diversity jurisdiction;

iv. Whether this action is unable to proceed due to Plaintiff's failure to join necessary parties;

v. Whether Plaintiff fails to state a claim for copyright infringement;

vi. Whether this action is barred by the statute of limitations;

vii. Whether the doctrine of waiver, estoppel, laches, abandonment, acquiescence, or unclean hands bars Plaintiff's claim; and

viii. Whether Plaintiff's claim is barred by the doctrine of fair use or incidental use, or the First Amendment.

**8. Reference to a United States Magistrate Judge**

**A. Plaintiff's Statement**: Plaintiff does not wish to refer this matter to a Magistrate Judge.

**B. Defendant's Statement:** Topps believes that the case is suitable for reference to a Magistrate Judge for settlement or trial.

**9. Status of Related Cases**

None.

**10. Exchange of Rule 26(a) Initial Disclosures**

The parties will exchange their initial Rule 26(a) disclosures in accordance with the timeframe provided in Fed. R. Civ. P. 26(a)(C), or by February 20, 2009.

11. **Discovery of Electronically Stored Information**

**A. Plaintiff's Statement:** Plaintiff seeks electronic mail records from Topps, Inc., detailing any communications between himself, Topps, and WizKids between June 2003 and November 2008. Plaintiff will provide records of email in paper format.

**B. Defendant's Statement:** Topps will identify the relevant custodians and produce any existing electronically stored information that is responsive to Plaintiff's discovery requests in a form that is the least costly and burdensome for Topps.

Topps also seeks from Plaintiff the e-mails and other electronically stored information including, but not limited to, his communications with FASA Corporation, Wizkids's licensee(s), Wizkids, and Topps regarding Plaintiff's alleged copyrighted work.

**12. Privilege or Work Product Claims**

**A. Plaintiff's Statement:** Plaintiff has no attorney work product to declare and seeks no documentation of same from Topps.

**B. Defendant's Statement:** Topps will review its documents for attorney-client, work product, or other applicable privilege, and withhold from production any qualifying documents. Topps will produce a privilege log in accordance with Fed. R. Civ. P. 26(b)(5).

13. **Discovery**

**A. Extent, nature, and location of anticipated discovery**

**i. Plaintiff's Statement:** Plaintiff seeks telephone and mail records from Topps, Inc., detailing any communications between himself, Topps, and WizKids between June 2003 and November 2008, as well as contact information for a number of witnesses who are/were authorized by Topps and/or WizKids to conduct business-related operations on behalf of either company or their affiliates. Plaintiff is prepared to provide hard copy documents concerning the creation and use of his work; other paperwork and correspondence with the U.S. Copyright Office; his communications regarding his work with FASA Corporation, Wizkids, any of Wizkids's licensees who were running the Classic BattleTech web site, and Topps; and records showing the execution of agreement terms between him and Wizkids.

**ii. Defendant's Statement:** Topps anticipates that its discoverable information will consist both of electronically stored information and hard copy files in the

possession and custody of Wizkids or Wizkids's licensee(s). Subject to further investigation, Topps anticipates that responsive documents, whether in hard copy or electronic form, are likely to be located in New York and Washington.

From Plaintiff, Topps seeks all hard copy documents and electronically stored information, including but not limited to information concerning the creation and use of Plaintiff's alleged work; a copy of the registration certificate, if any; other paperwork and correspondence with the U.S. Copyright Office; his communications regarding his alleged work with FASA Corporation, Wizkids, any of Wizkids's licensee who were running the Classic BattleTech web site, and Topps; and a copy of the alleged 2002 agreement between him and Wizkids.

**B. Suggested changes to discovery limitations imposed by Federal Rules of Civil Procedure and Local Rule 16.2**

The parties have no proposed changes to discovery limitations imposed by the relevant rules. Topps believes that this case should be placed on the Standard Track provided in the D. Ariz. Local Rule 16.2(b)(3).

**C. Depositions:** In accordance with Fed. R. Civ. P. 30(d)(1), each deposition will be completed within seven hours unless otherwise agreed. The parties agree to cooperate in scheduling of all depositions.

**14. Proposed Deadlines for Discovery**

The parties have been unable to agree to a proposed deadline for discovery. The respective proposed schedules are set forth as follows:

**A. Plaintiff's Statement:** Plaintiff plans no Expert Disclosures or Depositions.

i. Proposed Deadline for Completion of Fact Discovery: May 29, 2009

ii. Proposed Deadline for Completion of Rule 26(a)(2)(A)–(C) Expert Disclosures: June 5, 2009

iii. Proposed Deadline for Completion of All Expert Depositions: July 3, 2009

iv. Proposed Deadline for Filing Dispositive Motions: August 28, 2009

v. Proposed Deadline for Parties' Good Faith Settlement Talks: April 3, 2009

**B. Defendant's Statement:** Topps disagrees with the proposed deadline for discovery propounded by Plaintiff above, and instead proposes the time period set forth in the following schedule. Topps reserves the right to ask the Court to change some of the specific dates set forth below (other than the deadline for completion of fact discovery, which requires a showing of extraordinary circumstances) depending on the nature and pace of discovery, as well as attempts by the parties to reach a non-judicial resolution of the case.

i. Proposed Deadline for Completion of Fact Discovery: July 31, 2009

ii. Proposed Deadline for Completion of Rule 26(a)(2)(A)–(C) Expert Disclosures: September 25, 2009

iii. Proposed Deadline for Completion of All Expert Depositions: October 30, 2009.

iv. Proposed Deadline for Filing Dispositive Motions: November 27, 2009

v. Proposed Deadline for Parties' Good Faith Settlement Talks: December 18, 2009

**15. Statement Regarding Jury Trial**

Neither party has requested a jury trial.

**16. Estimated Length of Trial**

**A. Plaintiff's Statement:** Plaintiff estimates less than three days will be sufficient, provided all witnesses are available.

**B. Defendant's Statement:** Topps anticipates that one to two days will suffice to try this case.

**17. Prospects for Settlement**

**A. Plaintiff's Statement:** Plaintiff has made various offers for settlement, the least valuable of which would have provided WizKids with full ownership of a new version of the disputed work, written by Plaintiff in accordance with WizKids policies. In exchange, Plaintiff would have received either whole or joint copyrights to a single non-significant character not used since the 1980s, with no other considerations. WizKids refused this offer in mid-2008. Defendant has stated a desire for Plaintiff to make more offers, but has provided no guidelines for doing so, except to flatly reject any transfer or adjoinment of any portion of its intellectual property. As Defendant has already used Plaintiff's work commercially for several years, Plaintiff does not consider this to be a reasonable position. Defendant has made no offers.

**B. Defendant's Statement:** Plaintiff's statement regarding settlement negotiations is inaccurate, and Topps asks the Court to disregard it. Topps has discussed settlement with Plaintiff both with and without the involvement of Topps's litigation counsel. Based on those discussions, further settlement talks are unlikely to resume at this time. When the parties are

prepared to reopen settlement discussions, Topps believes that the Court's involvement is desirable to facilitate the discussions between the parties.

**18. Other Matters**

**A. Plaintiff's Statement:** Plaintiff is not aware of other matters that would impact this case at this time.

**B. Defendant's Statement:** On or about January 20, 2009, Plaintiff filed a document called "reply to answer." Topps does not believe that this is a recognized form of pleading under Fed. R. Civ. P. 7(a). Accordingly, Topps requests that the Court treat this "pleading" as a nullity, except the Court may consider the substance of the reply to answer as an admission against Plaintiff. 2 Moore's Federal Practice § 7.02[7][c] at 7–13—7–14 (3d ed. 2005).

Topps also believes that this case could be resolved in a speedy manner if Plaintiff obtains legal counsel. Accordingly, Topps requests the Court's assistance in procuring legal representation for Plaintiff.

RESPECTFULLY SUBMITTED THIS February 13, 2009.

ALTFELD BATTAILE & GOLDMAN, P.C.

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP

/s/ Mioko C. Tajika
David G. Ebert
Mioko C. Tajika
*Admitted Pro Hac Vice*
*Attorneys for Defendant*

/s/ Scott Malcomson
Scott Malcomson
*Plaintiff, Pro Se*