✓ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 17 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1 Scott Malcomson
2 450 N. Hall
3 Mesa, Arizona 85203
4 (602) 323-7458

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Scott Malcomson )
 )
 )  Case CV08-2306-PHX-GMS
 )
vs. )  **Motion to file an Amendment**
 )  **to Complaint for Relief**
Topps, Inc. )
 )
 )

### Motion to Amend Pleading

Pursuant to F.R.C.P. 15(a)(2), Scott Malcomson, Plaintiff in the above-entitled action, moves the Court for permission to amend his Complaint for Relief, consisting of allegations regarding infringements of his copyright by persons acting in the business interests of Topps, Incorporated.

### Proposed Changes to Pleading

Plaintiff's original Complaint was based on two primary beliefs: first, that his Work, and his forebearance regarding its original illegal use by WizKids (a company later acquired in whole by Topps) were obtained through a fraudulent instrument, which illegality was not discovered by Plaintiff until late 2007. Secondly, Plaintiff believed his work to be a "contribution to a collected work" as per 17 USC, Sec. 101.

However, Plaintiff's review of the documented evidence available to him indicates that neither of these assertions are correct.

1

1  The evidence at hand does show denials of the legitimacy of the 2002 agreement
2  between Plaintiff and WizKids, but further review indicates that these persons may
3  have been stating personal opinions as opposed to declaring any actual position
4  of WizKids. Moreover, these persons were not in themselves authorized to make
5  any policy decisions on behalf of WizKids. Plaintiff is therefore not in possession
6  of any records from WizKids denying the legitimacy of this agreement.
7  Plaintiff also asserts that 17 USC, Sec. 101's definition of "collected work" cannot
8  apply, as neither his Work, nor any portion of the body of fiction into which his Work
9  was adopted by WizKids in 2002, can be considered "separate and independent
10 works in themselves". Each of the works comprising this body of fiction are reliant
11 on content found in other works which preceded their creation, including Plaintiff's.
12 Plaintiff alleges that the body of fiction comprising what is collectively known as
13 "Classic Battletech" instead meets the definition under 17 USC, Sec. 101 for
14 "joint work", in that it is clearly "a work prepared by two or more authors with the
15 intention that their contributions be merged into inseparable or interdependent parts
16 of a unitary whole." Plaintiff alleges he is able to meet the three core tests of proof
17 necessary to show his Work was joint in nature: that it was not a "work for hire",
18 that it contained sufficient original expression to meet the requirements of the U.S.
19 Supreme Court as expressed in Feist v. Rural (1991), and that at time of creation it
20 was intended by both himself and the copyright holder to "merge cleanly into the
21 game universe". Plaintiff alleges that these criteria were met in 1996 by actions and
22 statements of intent by FASA Corporation, at that time managing the "Battletech"
23 property in the name of its copyright holder Jordan Weisman. In September 1996
24 FASA elected not to publish Plaintiff's work, but this decision did not affect the terms
25 or conditions under which it was created. When Weisman's new company, WizKids,
26 elected to publish Plaintiff's Work in June 2002, it did so with knowledge of the pre-
27 existing joint nature of the Work.
28

1. In the course of filing the original Complaint, however, legal counsel of Topps, Inc.
2. openly alleged that Plaintiff had no copyrights in his Work. No reasons for this
3. statement were given. This is therefore the first denial of Plaintiff's copyright made
4. by an entity which itself has a stake in the copyright.

SUMMARY

Plaintiff requests the Court to allow the amendment of his Complaint for Relief to reflect the following:

1) That Plaintiff alleges he is a co-author of the body of fiction known collectively as "Classic Battletech", as per 17 USC, Sec. 201(a).

2) That the body of fiction known collectively as "Classic Battletech" is a joint work as per 17 USC, Sec. 101.

3) That Plaintiff has no evidence to show the 2002 agreement by which WizKids published his Work, in accord with the terms of its creation, as a merged part of its "Classic Battletech" copyright unity, was other than legitimate.

4) That statements made by Topps' legal counsel, after having been shown documentation asserting WizKids' 2002 publication of Plaintiff's Work with accreditation by WizKids, to the effect that Plaintiff never obtained copyright in his own Work, were statements injurious to the rights of Plaintiff and provide grounds for continuing this action against Topps for purposes of asserting his copyrights.

Plaintiff asserts that the Court continues to hold both personal and subject matter jurisdiction insofar as that this issue arises as a matter under federal law as per Article III, Sec. 2, U.S. Constitution, and as a civil action pertaining to federal law as per 28 USC, Sec. 1331.

Dated 16 February 2009

Certificate of Service         Scott Malcomson, Plaintiff, filed as *pro se* litigant

I certify that a copy of the foregoing Motion was served on Defendant, Topps, Inc., 1 Whitehall St., New York, N.Y. 10004 via U.S. Mail this 16 February 2009.

**3**