```
 1                  UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF ARIZONA

 3

 4   SCOTT MALCOMSON,              )
                                   )
 5                                 )
               Plaintiff,          )
 6                                 )   CV 08-2306-PHX-GMS
               vs.                 )   Phoenix, Arizona
 7                                 )
     TOPPS, INC.,                  )
 8                                 )   February 20, 2009
                                   )   11:23 a.m.
 9             Defendant.          )
                                   )
10

11

12

13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16          BEFORE THE HONORABLE G. MURRAY SNOW

17              (Rule 16 Scheduling Conference)

18

19

20

21

22   Court Reporter:         Gary Moll
                             401 W. Washington Street, SPC #38
23                           Phoenix, Arizona  85003
                             (602) 322-7248
24
     Proceedings taken by stenographic court reporter
25   Transcript prepared by computer-aided transcription
```

```
 1                       A P P E A R A N C E S

 2

 3   For the Plaintiff:        Scott Malcomson, Pro Se
                               450 N. Hall
 4                             Mesa, Arizona, 85203
                               (602) 323-7458
 5
     For the Defendant:        John F. Battaile, Esq.
 6                             ALTFELD BATTAILE & GOLDMAN, P.C.
                               250 N. Meyer Avenue
 7                             Tucson, Arizona  85701
                               (520) 622-7733
 8
                               Mioko C. Tajika, Esq.
 9                             INGRAM YUZEK GAINEN
                               CARROLL & BERTOLOTTI, L.L.P.
10                             250 Park Avenue
                               New York, New York  10177
11                             (212) 907-9622

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                P R O C E E D I N G S
2
3          THE CLERK:  This is CV 08-2306, Malcomson v. Topps, on
4   for schedule conference.
5          Please announce your appearances.                         11:23:18
6          MR. BATTAILE:  John Battaile, special Arizona counsel
7   for the defendant Topps company, and appearing telephonically
8   is Ms. Mioko Tajika, who is Topps' principal counsel.
9          MR. MALCOMSON:  I'm Scott Malcomson.  I'm filed as pro
10  se plaintiff.                                                    11:23:39
11         THE COURT:  Okay.  Ms. Tajika, are you there?
12         MS. TAJIKA:  Yes, I am.
13         THE COURT:  Okay.  So welcome to all parties.  This is
14  our scheduling conference.
15         Please be seated.                                         11:23:48
16         I want to resolve a few things and then set a
17  schedule, principally, and then answer any questions that the
18  parties may have about how the Court intends to proceed in this
19  matter.
20         First, let me say that -- well, let me just advise        11:24:01
21  plaintiff that apparently, you have filed with the Court a
22  request for preliminary injunction, a motion for preliminary
23  injunction.
24         MR. MALCOMSON:  I am willing to withdraw that at this
25  point, Your Honor, since I believe the facts pertaining to the   11:24:23

```
 1   case have changed and Topps has actually, to my knowledge,
 2   taken the disputed property off the market voluntarily before
 3   this was even filed.
 4           THE COURT:  Okay.  Well, does any -- Topps have any
 5   objection to the withdrawal of the motion?                          11:24:35
 6           MS. TAJIKA:  No, Your Honor.
 7           THE COURT:  All right.  Well, then I'm going to grant
 8   the motion to withdraw the motion for preliminary injunction.
 9           And I do not have, I'm sorry, Kathleen, the docket
10   number on that motion, but I'll try to get it for you.              11:24:45
11           I have also received, or at least has been filed, a
12   motion to amend your complaint, Mr. Malcomson.
13           Have you served that on Topps?
14           MR. MALCOMSON:  Yes, I have.  That was as of a few
15   days case ago, Your Honor, again in conjunction with the change     11:25:04
16   in facts as I know them to be.
17           THE COURT:  All right.  Does Topps -- I don't know if
18   Topps has had a chance to look at that motion, and whether or
19   not they have any objection to it.
20           MS. TAJIKA:  Yes, we have had a chance to look at it,       11:25:16
21   but we believe that the motion does not contain the proposed
22   amendment to the complaint, as required by --
23           THE COURT:  Yeah.
24           MS. TAJIKA:  -- the local rules of the District of
25   Arizona.  So we would need to actually look at the actual           11:25:29
```

1  proposed amended complaint to -- in order to assess whether
2  we're going to be -- oppose it or consent to it.
3          So I would ask that Mr. Malcomson, the plaintiff,
4  be -- either he refile the motion with his proposed amendment
5  to the complaint, or serve us, however this Court would like to    11:25:46
6  have him serve us the proposed amended pleading.
7          THE COURT:  Mr. Malcomson, did you understand what
8  Ms. Tajika just said?
9          MR. MALCOMSON:  Yes, I do, and I understand.
10         My apologies.  I was basing the content off of some        11:26:03
11 examples that I found of similar motions.  Not having had a lot
12 of experience in this, I figured I'd just hit the highlights.
13         I'm perfectly prepared to go ahead and refile a full
14 motion with the complete amended version within 48 hours.
15         THE COURT:  All right.                                     11:26:19
16         Now, I'll advise you, Mr. Malcomson, if you're not
17 otherwise aware --
18         MR. MALCOMSON:  Excuse me.  I'm sorry.
19         That would be by Monday.  My apologies.
20         THE COURT:  Okay.  Then I'll order you to refile your      11:26:29
21 motion and serve Topps with a copy, including the proposed
22 amended complaint.
23         You're probably aware, and I don't mean to be
24 offensive to you, sir, there are civil judicial rules that you
25 need to follow.  There's books like this that have them in         11:26:43

```
 1   them.  They're on the Web.  And there are also local rules of
 2   the District of Arizona.  You need -- all of your motions need
 3   to be in compliance with those rules, both the national Rules
 4   of Civil Procedure and the local rules of the District of
 5   Arizona.  And those are on our website if you need to --          11:26:59
 6            MR. MALCOMSON:  Yes, sir, my apologies.  I thought it
 7   was within bounds.  Evidently, it was not.
 8            THE COURT:  Well, I'm just telling you so that you --
 9   you will know in the future.
10            And I have looked and reviewed the parties'              11:27:13
11   differences in terms of the scheduling orders.  Now, pursuant
12   to your conference report you will have both, by today, have
13   exchanged initial disclosures, is that correct?
14            MS. TAJIKA:  Yes.  We -- we are preparing them, and we
15   will be in a position to be serving Mr. Malcomson by the end of  11:27:38
16   day today.
17            THE COURT:  Okay.  And Mr. Malcomson, will you be
18   serving your initial disclosure today?
19            MR. MALCOMSON:  I honestly don't know what forms that
20   requires, Your Honor.  I simply have the documentation for the   11:27:51
21   bulk of disclosure right here that I was going hand off to
22   Mr. Battaile.
23            THE COURT:  All right.  Well, I'm not going advise you
24   how to do -- or what to do --
25            MR. MALCOMSON:  Is there a specific form that actually  11:28:04
```

1 needs to be filed?

2 THE COURT: Well, again, the rules will tell you what
3 the requirement is, and they -- you may have to supplement your
4 disclosures as the case goes along. The rule, particularly,
5 that you'll want to look at, both in the federal rules and the
6 local rules, is Rule 26, and all of its subparts.

7 If you would -- my suggestion would be that you
8 provide Mr. Battaile with whatever you have today that you
9 believe qualifies, but I think that you also may need to
10 have -- may need to disclose information that you don't have
11 today, pursuant to the rules, and you need to follow the rules
12 in all respects.

13 You also need to realize that while -- that I'm not in
14 a position to help you or advise you or give you legal counsel,
15 other than to refer you to the rules, the case law, the
16 statutes, and you need to -- you need to kind of come up with
17 that on your own.

18 I respect your, you know, ability to represent
19 yourself, but you do need to represent yourself and be familiar
20 with the rules. Okay?

21 MR. MALCOMSON: Yes, Your Honor.

22 THE COURT: If you have any questions about where to
23 find those rules, our clerk's office will tell you. But as
24 I've indicated, they are on our website.

25 MR. MALCOMSON: Okay. Well, if at all possible, I

11:28:17
11:28:37
11:28:51
11:29:04
11:29:13

1  will file that today.

2         THE COURT:  All right.

3         Now, the other thing that I am going to do is the

4  parties have not -- do not have an agreement about the various

5  deadlines in this case.  And I'm going to -- I've looked at it                11:29:29

6  and, Mr. Malcomson, I'm going to -- unless you want to change

7  your position with respect thereto and ask for even more

8  time --

9         MR. MALCOMSON:  I would -- I would be willing, Your

10 Honor.  I understand Ms. Tajika's concerns for she wants more                  11:29:46

11 extended time on this.  It's just that with the facts available

12 to me, I honestly don't believe that this will take an

13 exceptionally long time to resolve.

14        THE COURT:  Well, I understand that that's your

15 position and that you hold it in good faith.  I'm going to tell               11:30:01

16 you that in my -- that in my experience, and I don't know if

17 you've been involved in lawsuits before or represented yourself

18 before, but in my experience, people legitimately have that

19 belief, and then they find out that a lawsuit can be somewhat

20 more complicated than they thought, and that even if matters                  11:30:18

21 are very straightforward, there are issues pertaining to

22 coordination of schedules and time that just make what -- what

23 the less experienced might think to be a simple proposition

24 somewhat more complicated.

25        And so I am going to enter the deadlines proposed by                   11:30:37

```
 1   Ms. Tajika.  I think -- I frankly have to tell you I think they
 2   themselves are very aggressive deadlines.
 3           And Ms. Tajika wasn't in the courtroom -- Mr. Battaile
 4   may have been, I don't remember -- I think you were here when
 5   you heard me say that I am more than happy to adopt guidelines    11:30:57
 6   you agree to, even permissive deadlines.  But once I adopt
 7   deadlines, I hold parties to them.  I expect them to proceed
 8   and to discover -- proceed with discovery, to prepare their
 9   cases.  And even if they agree to extend deadlines after that
10   point, I usually won't do it unless they can give me a good       11:31:17
11   reason.
12           And that doesn't mean that there don't exist good
13   reasons, but simply because you agree with each other to extend
14   the deadlines doesn't mean that I'm going to agree to extend
15   them.                                                             11:31:28
16           Do you understand what I'm saying?
17           MR. MALCOMSON:  Yes, sir, I do understand, and I
18   appreciate that.  And as a matter of fact, I understand my own
19   inexperience and I'm willing to go with what Miss Tajika's
20   deadlines are.                                                    11:31:37
21           THE COURT:  All right.  Now, I'm going to ask you do
22   you want even further -- more time than Ms. Tajika has asked
23   for?
24           MR. MALCOMSON:  No --
25           THE COURT:  All right, then --                            11:31:45
```

```
 1          MR. MALCOMSON:  -- that's simply based on, you know,
 2   my understanding, and I
 3          THE COURT:  All right.
 4          MR. MALCOMSON:  -- I may not have that great of an
 5   understanding, so I understand my limitations.                     11:31:51
 6          THE COURT:  Now, Ms. Tajika, before I enter deadlines,
 7   I want to make sure that you understand how I -- how I handle a
 8   case, and that is this.
 9          I do expect parties to have professional courtesy, or
10   at least courtesy for one another, and realize that               11:32:04
11   occasionally parties are going to need an extension, and I
12   expect you to grant that to each other without involving the
13   Court every time.
14          But I do expect you to build that kind of thought into
15   your discovery deadlines, because once I enter into them I do    11:32:19
16   hold folks to them unless they can show me good cause for
17   pushing them out.  And good cause doesn't mean that you want to
18   have settlement talks or that you were late in starting
19   discovery.
20          I don't mean to sound like I'm lecturing you or being     11:32:30
21   a jerk; I just want you to understand where I'm coming from
22   ahead of time.
23          So do you understand what I'm saying, Ms. Tajika?
24          MS. TAJIKA:  I understand, Your Honor.
25          THE COURT:  Do you want any more time than you've         11:32:42
```

1  asked for, in light of that understanding?

2         MS. TAJIKA:  I -- I think we can stick to the

3  deadlines that I initially proposed, Your Honor.

4         THE COURT:  All right.  Well, I'm going to enter the

5  deadlines that you proposed, with the exception that I'm going    11:32:55

6  to make your deadline for good faith settlement talks the same

7  deadline as the deadline for your disclosure -- or completion

8  of all expert depositions.  That's October 30th, 2009.  And

9  otherwise, I'm going to enter your deadlines.

10        Now, Mr. Malcomson, Mr. Battaile, Ms. Tajika, you may    11:33:13

11 have also heard how I approach -- well, I'm going to enter a

12 scheduling order, Mr. Malcomson.  The scheduling order, you

13 have a draft of what it will be in front of you.  It will be

14 entered; it will have dates filled in.

15        It's important that you read that, because that case    11:33:33

16 management order's going to tell you how I manage my case, and

17 what I expect you to do as you proceed forward with the case.

18        And one of the things you'll find in there is if you

19 have a discovery dispute.  And what that means is if you want

20 material from Topps or they want material from you and you    11:33:48

21 don't want to give it or you can't agree about what you should

22 disclose, or who you should depose, I expect you to confer with

23 each other in good faith and try to accommodate each other and

24 resolve the dispute.  If you can't do that, then you can call

25 my chambers and I will have a conference with the parties and    11:34:03

```
 1   see if I can resolve it simply.
 2           If I can't, then I might ask you to file a discovery
 3   motion.  But you're not entitled to file a discovery motion
 4   until I authorize it.
 5           Do you understand that?                                       11:34:15
 6           MR. MALCOMSON:  Yes, sir, Your Honor.
 7           MR. BATTAILE:  Yes, Your Honor.
 8           THE COURT:  Okay.
 9           Does either party have any questions about -- about
10   how I approach a case, or matters that you think I can assist        11:34:25
11   you in resolving that will help you move this case along at
12   this point?
13           Hearing none, I appreciate your attendance.
14   Ms. Tajika, thank you for appearing.  And I expect that you'll
15   go forward and prepare this case for resolution or for trial.        11:34:43
16           Thank you.
17           MS. TAJIKA:  Thank you, Your Honor.
18           MR. BATTAILE:  Thank you, Your Honor.
19           MR. MALCOMSON:  Thank you.
20           THE COURT:  Thank you.                                       11:34:48
21           (Proceedings concluded at 11:34 a.m.)
22
23
24
25
```

C E R T I F I C A T E

I, GARY MOLL, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 23rd day of February, 2009.

s/Gary Moll