✓ FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 2 3 2009
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ R DEPUTY

Scott Malcomson
450 N. Hall
Mesa, Arizona 85203
(602) 323-7458

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Scott Malcomson

vs.

Topps, Inc.

Case CV08-2306-PHX-GMS

## Motion to file an Amendment to Complaint for Relief

### Motion to Amend Pleading

Pursuant to F.R.C.P. 15(a)(2), Scott Malcomson, Plaintiff in the above-entitled action, moves the Court for permission to amend his Complaint for Relief, consisting of allegations regarding infringements of his copyright by persons acting in the business interests of Topps, Incorporated.

### Proposed Changes to Pleading

Plaintiff's original Complaint was based on two primary beliefs: first, that his Work, and his forebearance regarding its original illegal use by WizKids (a company later acquired in whole by Topps) were obtained through a fraudulent instrument, which illegality was not discovered by Plaintiff until late 2007. Secondly, Plaintiff believed his work to be a "contribution to a collected work" as per 17 USC, Sec. 101.

However, Plaintiff's review of the documented evidence available to him indicates that neither of these assertions are correct.

The evidence at hand does show denials of the legitimacy of the 2002 agreement between Plaintiff and WizKids, but further review indicates that these persons may have been stating personal opinions as opposed to declaring any actual position of WizKids. Moreover, these persons were not in themselves authorized to make any policy decisions on behalf of WizKids. Plaintiff is therefore not in possession of any records from WizKids denying the legitimacy of this agreement.

Plaintiff also asserts that 17 USC, Sec. 101's definition of "collected work" cannot apply, as neither his Work, nor any portion of the body of fiction into which his Work was adopted by WizKids in 2002, can be considered "separate and independent works in themselves". Each of the works comprising this body of fiction are reliant on content found in other works which preceded their creation, including Plaintiff's. Plaintiff alleges that the body of fiction comprising what is collectively known as "Classic Battletech" instead meets the definition under 17 USC, Sec. 101 for "joint work", in that it is clearly "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." Plaintiff alleges he is able to meet the three core tests of proof necessary to show his Work was joint in nature: that it was not a "work for hire", that it contained sufficient original expression to meet the requirements of the U.S. Supreme Court as expressed in Feist v. Rural (1991), and that at time of creation it was intended by both himself and the copyright holder to "merge cleanly into the game universe". Plaintiff alleges that these criteria were met in 1996 by actions and statements of intent by FASA Corporation, at that time managing the "Battletech" property in the name of its copyright holder Jordan Weisman. In September 1996 FASA elected not to publish Plaintiff's work, but this decision did not affect the terms or conditions under which it was created. When Weisman's new company, WizKids, elected to publish Plaintiff's Work in June 2002, it did so with knowledge of the pre-existing joint nature of the Work.

In the course of filing the original Complaint, however, legal counsel of Topps, Inc. openly alleged that Plaintiff had no copyrights in his Work. No reasons for this statement were given. This is therefore the first denial of Plaintiff's copyright made by an entity which itself has a stake in the copyright. Plaintiff therefore requests the Court allow amendment of his Complaint for Relief, attached following as Exhibit.

Dated 23 February 2009

Scott Malcomson, Plaintiff *pro se*

Certificate of Service

I certify copies of the foregoing Motion to file an Amendment to Complaint for Relief, and its attached Exhibit, were served on Defendant, Topps Inc., 1 Whitehall St., New York, NY 10004 via U.S. Mail this 23 February 2009.

Scott Malcomson
450 N. Hall
Mesa, Arizona 85203
(602) 323-7458

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Malcomson<br><br>vs.<br><br>Topps, Inc. | Case No. CV08-2306-PHX-MEA<br><br>**Complaint for Relief** |

## ~~Jurisdiction~~

Plaintiff Scott Malcomson, filing *pro se*, for his Complaint for Relief against Defendant Topps ~~Incorporation~~ Incorporated, pursuant to ~~Section 504 of~~ United States Code Title 17, states as follows:

## ~~Complaint~~ Jurisdiction

1. Plaintiff Scott Malcomson is a citizen of the United States residing in Mesa, Arizona.
2. Defendant Topps, Incorporated ("Topps") is a corporation ~~organized and existing pursuant to the laws of~~ headquartered in the State of New York. Topps is a producer, distributor and seller of a variety of entertainment products~~.~~, many of which are distributed to and sold within the State of Arizona. In 2003, Topps acquired WizKids LLC, an entertainment company based in Bellevue, Washington. The Court obtains personal and subject matter jurisdiction regarding Topps in this case pursuant to U.S. Constitution Article III, Sec. 2 and 28 USC. Sec. 1331, in that this is a civil

action arising as a result of infringement of U.S. federal law.

# Complaint

3. In late 2001, WizKids LLC launched a website promoting its "Classic Battletech" product line, ClassicBattleTech.com ("CBT.com"). The majority of this product line was, and is, composed of fiction, usually presented to the reader in the form of historical references and intelligence reports. Following in this style, CBT.com was launched with an extensive historical section, which served as a means to draw viewers to the site. ~~By far,~~ One of the largest single portions of this historical section was the "Star League Defense Force 3 RCT; Eridani Light Horse" ("ELH History"), at approximately ~~twelve (12)~~ seven (7) standard pages in length.

4. The entirety of the "ELH History" as published in CBT.com in late 2001 had been created in 1993 by Plaintiff and submitted "on speculation" to FASA Corporation, at that time the controller of the "Battletech" properties. FASA's Submission Guidelines specified that "...if we like your proposal you will be contacted by one of our developers ...the developer will wish to discuss your project fully to ensure that your ideas merge cleanly into the game universe." Plaintiff asserts that a FASA developer did in fact contact and correspond with him in this manner, creating a "joint work" as per 17 USC, Sec. 101. These Guidelines also stated that no contract would be created regarding works developed "on spec" prior to a decision to publish. In September of 1996, FASA formally notified Plaintiff of their decision not to contract for the use of Plaintiff's work, under the signature of Battletech Line Editor Randall Bills. FASA closed its doors in 2000, with owner and founder Jordan Weisman transferring his intellectual properties (including Battletech) to WizKids LLC, a company he had founded in July of the same year. Weisman continued to employ Bills in the same role of managing all Battletech development and production, including oversight of CBT.com.

5. WizKids LLC therefore, with full knowledge that the "ELH History" remained property of Plaintiff, used said property to advance commercial interests without obtaining permission or agreement for use from Plaintiff.

6. Discovering the illegal use of his work in 2002, Plaintiff contacted WizKids LLC via email and declared intention to seek legal action. WizKids' authorized webmaster, Warner Doles, directed Herb Beas to resolve the issue with Plaintiff in pursuit of WizKids' business needs. To this end, Herb Beas~~,~~ offered terms for use of the work including formal accreditation, acceptance of Plaintiff's work as canon, and Plaintiff's retention of all pertinent rights. Plaintiff accepted, and also offered to submit a revised edition of the work under the same terms. WizKids accepted and published the revised work in June of 2002, and continued to use it without comment or complaint through August 2005. ~~At that time, WizKids removed the work without notice or comment, replacing it with a new version by another author.~~ Plaintiff asserts that as the work was created specifically to become an interdependent part of the "Battletech" "game universe", and that as neither copyright holder nor property manager had changed, that WizKids elected to publish Plaintiff's work as per its pre-existing status of "joint work". As WizKids elected to do so unconditionally, without defining relations between Plaintiff and WizKids as being other than the default "coowners" definition provided under 17 USC, Sec. 101, Plaintiff asserts that WizKids made him co-owner of the "Battletech" property one full year prior to Topps' purchase of WizKids in June 2003.

7. ~~In August 2007, a question was~~ Between 2006 and 2007, questions were posed by ~~a third party~~ third parties: was Malcomson's work canon? ~~WizKids'~~ CBT.com forum moderators, acting in WizKids' business interests, stated unequivocably that it was not. Plaintiff cited his original agreement via these forums as well as via email to the moderators, and was told that Mr. Beas had never been authorized to make any agreements on behalf of WizKids. All attempts to contact WizKids authorities for

confirmation or denial of this position were met with no response of any kind. ~~Therefore, Plaintiff holds that~~ Plaintiff asserts that if these claims were true, the 2002 agreement was a fraudulent instrument intended to allow WizKids to escape ~~the threat of~~ legal action, and dispensed with once the utility of Plaintiff's work had been exhausted. In August of 2007, in response to a final demand from Plaintiff for clarification, a retroactive policy was declared by David Stansel-Garner, Operations Manager for Topps' then-and-current "Battletech" licensee Catalyst Game Labs. The new policy stripped from canon all materials which had not been physically published and which no longer appeared on CBT.com. As this directly breached the 2002 agreement, and as WizKids remained incommunicado, Plaintiff assumed in October 2007 that WizKids did indeed consider the 2002 agreement to have never been valid, and that therefore his copyrights had been infringed.

8. In October 2007, Plaintiff advised Defendant, which had purchased WizKids in 2003 and taken over its legal representation, of the situation and his intent to seek legal action if a settlement could not be arranged. This was ignored by Defendant, as have all other attempts at communication ~~to date~~ prior to filing this action, including telephone and email. Plaintiff filed in November 2007 with the U.S. Copyright Office with the intent of filing criminal charges followed by a civil action against WizKids. Between November 2007 and November 2008, the Copyright declared increasing backlog delays in processing the claim, from four to eight to twelve months. The filing was also initially delayed by an accounting error which required Plaintiff to pay by credit card in March 2008. Plaintiff currently expects the filing to be completed by March 2009, but notes that he has met 17 USC's requirement of "preregistration". However, Topps closed WizKids in November 2008, preventing Plaintiff from filing action against that company.

## Demand

~~WHEREFORE, As WizKids LLC deliberately made unlawful claim of ownership of Plaintiff's intellectual property, and; As WizKids has effectively renounce any claim to lawful use of Plaintiff's intellectual property via a legitimate agreement for use, and;~~

As WizKids LLC elected, in June 2002, to merge Plaintiff's "ELH History" into its own work, "Classic Battletech", with Plaintiff's approval and with no contracted restrictions, thus creating a joint work which Plaintiff co-owns, and;

As WizKids continued to use Plaintiff's "ELH History" commercially for two years after its purchase by Topps, retaining it thereafter as canon until August 2007, and;

As the first actual repudiation of Plaintiff's copyrights by confirmably authorized persons was via declaration of Topps counsel in December 2008, and;

As Topps' action in closing WizKids has prevented Plaintiff from seeking relief against that company;

PLAINTIFF therefore requests the Court enter judgment of either the following, or ~~more normal statutory punishements~~ of other relief, as the Court may see fit:

~~1) That Defendant must transfer ownership of the "Classic Battletech" intellectual property to Plaintiff, and;~~

1) That Defendant must treat Plaintiff as having been co-owner of the "Classic Battletech" intellectual property since June 2002, and;

2) That Defendant must compensate Plaintiff all costs incurred herein.

Dated: 23 February 2009

Scott Malcomson
450 N. Hall, Mesa, Arizona 85203
(602) 323-7458