```
                                    FILED      ✓ LODGED
                                    RECEIVED     COPY

                                    FEB 2 3 2009

                                    CLERK U S DISTRICT COURT
                                    DISTRICT OF ARIZONA
                                    BY_____ DEPUTY
```

1  Scott Malcomson
2  450 N. Hall
3  Mesa, Arizona 85203
4  (602) 323-7458

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Scott Malcomson          )   Case No. CV08-2306-PHX-MEA
                         )
                         )   **First Proposed**
vs.                      )   **Amendment to**
                         )   **Complaint for Relief**
Topps, Inc.              )
                         )
                         )

Plaintiff Scott Malcomson, filing *pro se*, for his Complaint for Relief against Defendant Topps Incorporated, pursuant to United States Code Title 17, states as follows:

### Jurisdiction

1. Plaintiff Scott Malcomson is a citizen of the United States residing in Mesa, Arizona.

2. Defendant Topps, Incorporated ("Topps") is a corporation headquartered in the State of New York. Topps is a producer, distributor and seller of a variety of entertainment products, many of which are distributed to and sold within the State of Arizona. In 2003, Topps acquired WizKids LLC, an entertainment company based in Bellevue, Washington. The Court obtains personal and subject matter jurisdiction regarding Topps in this case pursuant to U.S. Constitution Article III, Sec. 2 and 28 USC, Sec. 1331, in that this is a civil action arising as a result of infringement of U.S. federal law.

## Complaint

3. In late 2001, WizKids LLC launched a website promoting its "Classic Battletech" product line, ClassicBattleTech.com ("CBT.com"). The majority of this product line was, and is, composed of fiction, usually presented to the reader in the form of historical references and intelligence reports. Following in this style, CBT.com was launched with an extensive historical section, which served as a means to draw viewers to the site. One of the largest single portions of this historical section was the "Star League Defense Force 3 RCT; Eridani Light Horse" ("ELH History"), at approximately seven (7) standard pages in length.

4. The entirety of the "ELH History" as published in CBT.com in late 2001 had been created in 1993 by Plaintiff and submitted "on speculation" to FASA Corporation, at that time the controller of the "Battletech" properties. FASA's Submission Guidelines specified that "...if we like your proposal you will be contacted by one of our developers ...the developer will wish to discuss your project fully to ensure that your ideas merge cleanly into the game universe." Plaintiff asserts that a FASA developer did in fact contact and correspond with him in this manner, creating a "joint work" as per 17 USC, Sec. 101. These Guidelines also stated that no contract would be created regarding works developed "on spec" prior to a decision to publish. In September of 1996, FASA formally notified Plaintiff of their decision not to contract for the use of Plaintiff's work, under the signature of Battletech Line Editor Randall Bills. FASA closed its doors in 2000, with owner and founder Jordan Weisman transferring his intellectual properties (including Battletech) to WizKids LLC, a company he had founded in July of the same year. Weisman continued to employ Bills in the same role of managing all Battletech development and production, including oversight of CBT.com.

5. WizKids LLC therefore, with full knowledge that the "ELH History" remained property of Plaintiff, used said property to advance commercial interests without

2

1  obtaining permission or agreement for use from Plaintiff.

2

3  6.  Discovering the illegal use of his work in 2002, Plaintiff contacted WizKids LLC via
4  email and declared intention to seek legal action.  WizKids' authorized webmaster,
5  Warner Doles, directed Herb Beas to resolve the issue with Plaintiff in pursuit of
6  WizKids' business needs.  To this end, Herb Beas offered terms for use of the work
7  including formal accreditation, acceptance of Plaintiff's work as canon, and Plaintiff's
8  retention of all pertinent rights.  Plaintiff accepted, and also offered to submit a revised
9  edition of the work under the same terms.  WizKids accepted and published the
10 revised work in June of 2002, and continued to use it without comment or complaint
11 through August 2005.  Plaintiff asserts that as the work was created specifically to
12 become an interdependent part of the "Battletech" "game universe", and that as
13 copyright holder nor property manager had changed, that WizKids elected to publish
14 Plaintiff's work as per its pre-existing status of "joint work".  As WizKids elected to do so
15 unconditionally, without defining relations between Plaintiff and WizKids as being other
16 than the default "coowners" definition provided under 17 USC, Sec. 101, Plaintiff
17 asserts that WizKids made him co-owner of the "Battletech" property one full year prior
18 to Topps' purchase of WizKids in June 2003.

19

20 7.  Between 2006 and 2007, questions were posed by third parties: was Malcomson's
21 work canon?  CBT.com forum moderators, acting in WizKids' business interests, stated
22 unequivocally that it was not.  Plaintiff cited his original agreement via these forums as
23 well as via email to the moderators, and was told that Mr. Beas had never been
24 authorized to make any agreements on behalf of WizKids.  All attempts to contact
25 WizKids authorities for confirmation or denial of this position were met with no
26 response of any kind.  Plaintiff asserts that if these claims were true, the 2002
27 agreement was a fraudulent instrument intended to allow WizKids to escape legal
28 action, and dispensed with once the utility of Plaintiff's work had been exhausted.

1  In August of 2007, in response to a final demand from Plaintiff for clarification,
2  a retroactive policy was declared by David Stansel-Garner, Operations Manager
3  for Topps' then-and-current "Battletech" licensee Catalyst Game Labs. The new
4  policy stripped from canon all materials which had not been physically published
5  and which no longer appeared on CBT.com. As this directly breached the
6  agreement, and as WizKids remained incommunicado, Plaintiff assumed in October
7  2007 that WizKids did indeed consider the 2002 agreement to have never been
8  valid, and that therefore his copyrights had been infringed.
9
10  8. In October 2007, Plaintiff advised Defendant, which had purchased WizKids in
11  2003 and taken over its legal representation, of the situation and his intent to seek
12  legal action if a settlement could not be arranged. This was ignored by Defendant,
13  as have all other attempts at communication prior to filing this action, including
14  telephone and email. Plaintiff filed in November 2007 with the U.S. Copyright
15  Office with the intent of filing criminal charges followed by a civil action against
16  WizKids. Between November 2007 and November 2008, the Copyright Office
17  declared increasing backlog delays in processing the claim, from four to eight to
18  twelve months. The filing was also initially delayed by an accounting error which
19  required Plaintiff to pay by credit card in March 2008. Plaintiff currently expects
20  the filing to be completed by March 2009, but notes that he has met 17 USC's
21  requirement of "preregistration". However, Topps closed WizKids in November
22  2008, preventing Plaintiff from filing action against that company.
23
24  ## Demand
25  As WizKids LLC elected, in June 2002, to merge Plaintiff's "ELH History" into its own
26  work, "Classic Battletech", with Plaintiff's approval and with no contracted restrictions,
27  thus creating a joint work which Plaintiff co-owns, and;
28

4

As WizKids continued to use Plaintiff's "ELH History" commercially for two years after its purchase by Topps, retaining it thereafter as canon until August 2007, and;

As the first actual repudiation of Plaintiff's copyrights by confirmably authorized persons was via declaration of Topps counsel in December 2008, and;

As Topps' action in closing WizKids has prevented Plaintiff from seeking relief against that company;

PLAINTIFF therefore requests the Court enter judgment of either the following, or of other relief, as the Court may see fit:

1) That Defendant must treat Plaintiff as having been co-owner of the "Classic Battletech" intellectual property since June 2002, and;

2) That Defendant must compensate Plaintiff all costs incurred herein.

Dated: 23 February 2009

Scott Malcomson

450 N. Hall, Mesa, Arizona 85203

(602) 323-7458

Certificate of Service

I certify a copy of the foregoing First Proposed Amendment to Complaint for Relief was served on Defendant, Topps Inc., 1 Whitehall St., New York, N.Y. 10004 via U.S. Mail this 23 February 2009.