```
         FILED       ___ LODGED
___ RECEIVED    ___ COPY

        JUN 1 2 2009

   CLERK U S DISTRICT COURT
     DISTRICT OF ARIZONA
BY_____ M  DEPUTY
```

1  Scott Malcomson

2  450 N. Hall

3  Mesa, Arizona 85203

4  (602) 323-7458

5  calbeck@yahoo.com

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Malcomson,<br><br>    Plaintiff,<br><br>v.<br><br>The Topps Company, Inc.,<br><br>    Defendant. | NO. CV08-2306-PHX-GMS<br><br>**PLAINTIFF'S REQUEST FOR PRODUCTION** |

Under Fed. R. Civ. P. 34, plaintiff Scott Malcomson requests that defendant The Topps Company, Inc. produce the documents listed below within 30 days of service.

### DEFINITIONS

1. "Documents" means any written, typed, printed, recorded, electronic, graphic or photographic material of any kind, however produced or reproduced, including, without limitation, any retrievable data or information, however stored, recorded or coded, any mechanical recording of any oral material or any sound or visual reproduction, and any drawing, sketch, schematic or diagrammatic rendering or other descriptive material. The types of documents include, without limitation, preliminary or final drafts of correspondence, letters, e-mails, telegrams, memoranda, interoffice memos, reports, notes, financial statements, schedules, contracts, agreements, electronic or other

**1**

data compilations, tabulations, financial calculations, accounting entries, diary entries, prospectuses, minutes, agenda, transcripts, bulletins, notices, announcements, charts, teletype, manuals, brochures, invoices and receipts. Specifically included are all files separately maintained by officers, agents or employees of the defendant, such as personal diaries, appointment books and calendars. In all cases where originals and/or non-identical copies of the documents are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

2. The word "relating" as used here means concerning, consisting of, discussing, referring to, describing, noting, mentioning, studying, reflecting, evaluating, analyzing, or being relevant to.

### INSTRUCTIONS

1. For each of the following requests, plaintiff requests defendant produce all documents which can be located or discovered through diligent effort by defendant or its representatives.

2. In the event that a particular communication, document, or item of information which is called for production is not provided on the basis of privilege, as to each document, communication, or item of information, provide the following:

    (1) the date of the document, communication, or item of information;

    (2) the author(s) and addressee(s) of such document, communication, or item of information;

    (3) the nature of the document, communication, or item of information (e.g., letter, memorandum, tape recording);

**2**

(4) the subject matter of the document, communication, or item of information;

(5) the nature of the privilege or immunity claimed; and

(6) when not apparent, the relationship of the author(s) and addressee(s) to each other.

3. If any document requested or fairly comprised within the scope of the following requests has been lost or destroyed, defendant is required to provide a list of each document so lost or destroyed together with the following information: (a) date of origin of such document; (b) a brief description of such document; (c) the author of the document; and (d) the date upon which the document was lost or destroyed.

4. In the event that any such document has been, but is no longer, in possession, custody or control of defendant, defendant is required to identify the person or person(s) to whom it was transferred and its present custodian(s). A document is deemed to be in control of defendant if defendant has the right to secure the document or its copy from another person or public or private entity having physical possession of it.

5. The following requests for production of documents will be deemed to be continuing so as to require further and supplemental production by defendant of documents which originate or fall within the scope of the following requests at any time before the conclusion of this litigation.

## DOCUMENTS TO BE PRODUCED

1. Copies of any document relating to communications of any type, be it voice, written, or electronic, which occurred between Plaintiff and any persons employed by WizKids or that company's licensees (to wit, Fantasy Productions and Catalyst Game Labs) between the dates of January 1, 2002 and November 30, 2007.

2. Topps' Legal Department incoming call list, September - November 2008

3. Contact information for the following witnesses, which are known to be or have been employees of WizKids and/or its aforementioned licensees during the period in question, whether in a paid or volunteer capacity: Susan Phariss, Warner Doles, Mike Stackpole, and CLASSICBATTLETECH.COM Forum Moderators "Cannonshop", "JadeHellbringer", "Berg Storm", "Worktroll", "Paul", and "Roosterboy".

4. Copies of any documents, other than those produced in response to any of the above, on which defendant intends to rely in connection with this action.

RESPECTFULLY SUBMITTED THIS June 12, 2009.

SCOTT MALCOMSON
*Plaintiff, filed pro se*
450 N. Hall, Mesa, Arizona 85203
(602) 323-7458

Certificate of Service

I certify that a copy of the foregoing Request for Production was served on Defendant, in the person of chief counsel Mioko C. Tajika, of Ingram Yuzek Gainen Carroll & Bertolotti, LLP, 250 Park Avenue, New York, New York 10177 this June 12, 2009.