✓ FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 1 5 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

Scott Malcomson
450 N. Hall
Mesa, Arizona 85203
(602) 323-7458
calbeck@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Malcomson,<br>Plaintiff,<br>v.<br>The Topps Company, Inc.,<br>Defendant. | NO. CV08-2306-PHX-GMS<br><br>**PLAINTIFF'S REQUEST FOR ADMISSION** |

Under Fed. R. Civ. P. 36, Plaintiff Scott Malcomson requests that defendant Topps, Inc., confirm or deny concerns regarding facts expected to be brought before the Court in this action:

1. Being as that United States Code Title 17, Section 201(a) expressly states copyright in a work vests initially in its author, and being as that the Plaintiff was credited by WizKids LLC from 2002 - 2005 as the author of the works before the Court, on what basis does Defendant claim that Plaintiff has no copyright in these works?

2. As Plaintiff has presented documentation to Defendant showing that his original work was developed in conjunction with the copyright owner's designated "Battletech Line Developers" between 1993 and 1996, and being as that neither the copyright owner (Jordan Weisman) nor his designated property manager (Randall Bills) changed between 1996 and 2003, and being as that the terms under which Plaintiff's work was developed and published were last set by FASA's 1996 "Submission Guidelines", does Defendant believe that any other terms should be considered to have governed the 2002 publication of Plaintiff's work by WizKids LLC?

3. Does Defendant have cause to believe the electronic publication of Plaintiff's work was committed by any persons not so authorized?

4. Being as that the aforementioned "Submission Guidelines" expressly stated that the purpose of mutual development between FASA's Line Developers and Plaintiff was to ensure that Plaintiff's work "merges cleanly with the game universe", on what basis does Defendant believe this did not establish the intention of creating a "joint work", as defined under United States Code Title 17, Section 101?

5. As WizKids LLC, with demonstrable foreknowledge of the terms imposed by its predecessor FASA, elected to lawfully publish Plaintiff's work in mid-2002 without imposing any new terms, on what basis does Defendant deny that this act created a joint work which encompasses both Plaintiff's work and the whole of the "Battletech" game universe?

6. Ownership of copyright, as defined by United States Code Title 17, Section 201, originates in only three possible ways: Contributions to a Collected Work, Works Made for Hire and Initial Ownership. Being as that Plaintiff was never engaged in a Work For Hire, and being as that Plaintiff's work was presented by WizKids and its affiliates to the general public as an integrated part of the "Battletech" game universe as opposed to being a "separate and independent" work in itself, on what basis may Defendant conclude that Plaintiff's relationship to the work falls under any category other than Initial Ownership?

RESPECTFULLY SUBMITTED THIS June 15, 2009.

SCOTT MALCOMSON
*Plaintiff, filed pro se*
450 N. Hall, Mesa, Arizona 85203
(602) 323-7458

Certificate of Service

I certify that a copy of the foregoing Request for Production was served on Defendant, in the person of chief counsel Mioko C. Tajika, of Ingram Yuzek Gainen Carroll & Bertolotti, LLP, 250 Park Avenue, New York, New York 10177 this June 15, 2009.