**ALTFELD BATTAILE & GOLDMAN, P.C.**
**250 North Meyer Avenue**
**Tucson, Arizona 85701**
**Tel:(520) 622-7733**
**Fax:(520) 622-7967**
**JFBattaile@abgattorneys.com**
**John F. Battaile, ASB No. 4103**

**Ingram Yuzek Gainen Carroll & Bertolotti, LLP**
**250 Park Avenue**
**New York, New York 10177**
**Tel: (212) 907-9600**
**Fax: (212) 907-9681**
**DEbert@ingramllp.com**
**David G. Ebert**
**Mioko C. Tajika**
***Admitted Pro Hac Vice***

*Attorneys for Defendant, The Topps Company, Inc.*

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Scott Malcomson,<br><br>Plaintiff,<br><br>v.<br><br>The Topps Company, Inc.,<br><br>Defendant. | NO. CV08-2306-PHX-GMS<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EARLY NEUTRAL EVALUATION** |

Defendant, The Topps Company, Inc., responds to the motion by plaintiff, Scott Malcomson, for early neutral evaluation as follows:

## I. Topps Requests Alternative Dispute Resolution Before the Magistrate Judge, Beginning with an Initial Telephonic Conference.

Topps welcomes the opportunity to try to settle this case and has no objection to plaintiff's motion for an early neutral evaluation. Topps respectfully suggests a procedure for a cost-effective and expeditious alternative dispute resolution procedure ("ADR") under LRCiv. 83.10.

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

First, while the parties have talked settlement informally, those discussions have been singularly unproductive. Moreover, Topps and its in-house counsel are located in New York. Before investing the time and money to have Topps and its in-house counsel travel to Phoenix in person, Topps would like to have a sense that settlement is reasonably possible.

Topps suggests that the impasse be resolved as follows:

A. The Court would appoint a magistrate judge to oversee the ADR process. Each side would provide a short informal initial statement to the magistrate judge. The magistrate judge would conduct an initial ADR conference through telephone; for example, it might include initial calls with each party and then a joint conference call.

B. Following the informal statements and initial calls, the magistrate judge would evaluate solely whether further ADR processes would be productive and make a non-binding recommendation as to whether and how the process would continue. In other words, the magistrate judge's first "evaluation" would be an evaluation of whether the case is reasonably likely to settle. In that context, the magistrate judge can oversee settlement discussions and provide a non-binding neutral evaluation to both parties.

## II. Topps Requests that All Proceedings be Stayed Before this Court During the Pendency of the ADR Procedure

It also makes sense to allow the parties to save their resources by deferring ongoing litigation while the ADR process is pending. In that regard, the February 20,

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

2009 Case Management Order imposes a deadline for the parties' fact discovery (including depositions) of July 31, 2009, and a deadline for expert discovery (including depositions) of October 30, 2009. Topps understands that LRCiv 83.10 does not encourage ADR as a reason to delay deadlines set by the Rule 16 case management order; at the same time, it is difficult and expensive to litigate the case under a demanding schedule while simultaneously trying to settle through the ADR process before the magistrate judge. Accordingly, Topps respectfully requests that the fact discovery and expert deadlines identified in the Case Management Order be stayed and tolled pending the conclusion of the ADR process before the magistrate judge.

**III. Conclusion**

For the foregoing reasons, Topps requests that the Court appoint a magistrate judge to conduct ADR proceedings under LRCiv 83.10 substantially as set forth above. Topps further requests that the Court resolve the inherent tension in LRCiv 83.10 – between the conflicting policies of facilitating ADR and adhering to existing scheduling orders – by giving priority to the ADR process and extending the current deadlines for fact and expert discovery for a reasonable period consistent with the ADR schedule.

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

RESPECTFULLY SUBMITTED THIS June 26, 2009.

ALTFELD BATTAILE & GOLDMAN, P.C.

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP

/s/ John F. Battaile
John F. Battaile
*Attorneys for Defendant*

An original and one copy of the foregoing was mailed via First Class mail on June 26, 2009 to:

Scott Malcomson
450 N. Hall
Mesa, Arizona 85203
*Plaintiff*

/s/ Elena C. Todd
Elena C. Todd