**ALTFELD BATTAILE & GOLDMAN, P.C.**
**250 North Meyer Avenue**
**Tucson, Arizona 85701**
**Tel:(520) 622-7733**
**Fax:(520) 622-7967**
**JFBattaile@abgattorneys.com**
**John F. Battaile, ASB No. 4103**

**Ingram Yuzek Gainen Carroll & Bertolotti, LLP**
**250 Park Avenue**
**New York, New York 10177**
**Tel: (212) 907-9600**
**Fax: (212) 907-9681**
**DEbert@ingramllp.com**
**MTajika@ingramllp.com**
**David G. Ebert**
**Mioko C. Tajika**
***Admitted Pro Hac Vice***

*Attorneys for Defendant, The Topps Company, Inc.*

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Scott Malcomson,

Plaintiff,

v.

The Topps Company, Inc.,

Defendant.

NO. CV08-2306-PHX-GMS

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, The Topps Company, Inc., answers the First Amended Complaint ("Amended Complaint") for Relief as follows:

**First Defense**

1. Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraphs 1 and 3 of the Amended Complaint.

2. Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 2 of the Amended

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

Complaint, and alleges that The Topps Company, Inc. is a corporation headquartered in New York City and is a leading marketer, manufacturer, and distributor of sports and entertainment products throughout the country and abroad; and admits that Topps acquired WizKids LLC in 2003.

3. Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegations in paragraph 4 of the amended complaint, except denies the allegation that "a FASA developer did in fact contact and correspond with him in this manner, creating a 'joint work' as per 17 USC, Sec. 101"; denies the allegation that Jordan Weisman owned intellectual properties that he transferred to WizKids LLC; and admits that "[i]n September of 1996, FASA formally notified Plaintiff of their decision not to contract for the use of Plaintiff's work, under the signature of Battletech Line Editor Randall Bills."

4. Denies each and every allegation in paragraph 5, the paragraphs under the section entitled "Demand," and the ad damnum clauses of the Amended Complaint.

5. Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 6 of the Amended Complaint, except denies that there was any "illegal use" of Plaintiff's work; denies that Warner Doles was "WizKids's authorized webmaster"; denies that "WizKids accepted and published [Plaintiff's] revised work in June of 2002, and continued to use it without comment or complaint through August 2005"; denies that plaintiff's "work was created specifically to become an interdependent part of the 'Battletech' 'game universe', and that as copyright holder nor property manager had changed, that WizKids elected to publish Plaintiff's work as per its pre-existing status of 'joint work'," and denies that "[a]s WizKids elected to do so

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

unconditionally, without defining relations between Plaintiff and WizKids as being other than the default 'coowners' definition provided under 17 USC, Sec. 101 . . . WizKids made him co-owner of the 'Battletech' property one full year prior to Topps' purchase of WizKids in June 2003."

6. Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 7 of the Amended Complaint, except denies the existence of any agreement between Plaintiff and WizKids; denies that "the 2002 agreement was a fraudulent instrument intended to allow WizKids to escape legal action, and dispensed with once the utility of Plaintiff's work had been exhausted"; and denies that any copyright owned by Plaintiff has been infringed.

7. Alleges that it lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 8 of the Amended Complaint, except admits that Plaintiff contacted Topps on one or more occasions, and admits that WizKids's business operations were closed by Topps.

**Second Affirmative Defense**

8. Plaintiff's claims are barred by FASA Corporation ("FASA")'s rejection of Plaintiff's alleged work in 1996, as alleged in paragraph 4 of Plaintiff's Amended Complaint.

9. Plaintiff's claims are barred by FASA's lawsuit against Plaintiff in 2000 in the Cook County Circuit Court of Illinois, captioned *FASA Corporation v. Scott Malcomson*, No. 00 CH 7450.

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

**Third Affirmative Defense**

10. The Amended Complaint fails to state a claim against Topps upon which relief can be granted.

**Fourth Affirmative Defense**

11. The Court lacks personal jurisdiction over Topps.

**Fifth Affirmative Defense**

12. Plaintiff's claims are barred by the doctrine of waiver.

**Sixth Affirmative Defense**

13. Plaintiff's claims are barred by the doctrine of estoppel.

**Seventh Affirmative Defense**

14. Plaintiff's claims are barred by the doctrine of laches.

**Eighth Affirmative Defense**

15. Plaintiff's claims are barred by the applicable statute of limitations.

**Ninth Affirmative Defense**

16. Plaintiff's claims are barred by the doctrine of acquiescence.

**Tenth Affirmative Defense**

17. Plaintiff's claims are barred because he fails to name necessary parties.

**Eleventh Affirmative Defense**

18. Plaintiff does not have a valid copyright in the claimed work.

**Twelfth Affirmative Defense**

19. Plaintiff's claims are barred by the doctrine of fair use, codified at 17 U.S.C. § 107.

**Thirteenth Affirmative Defense**

20. Plaintiff's claims are barred by the doctrine of incidental use.

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

**Fourteenth Affirmative Defense**

21. Plaintiff's claims are barred by the First Amendment.

**Fifteenth Affirmative Defense**

22. Plaintiff's claims are barred by the doctrine of abandonment.

**Sixteenth Affirmative Defense**

23. Plaintiff's claims are barred by the doctrine of unclean hands.

**Seventeenth Affirmative Defense**

24. Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Topps had neither control nor responsibility.

**Eighteenth Affirmative Defense**

25. Plaintiff's claims are barred by res judicata/collateral estoppel in light of the case captioned *FASA Corporation v. Scott Malcomson*, No. 00 CH 7450.

**Ninteenth Affirmative Defense**

26. Plaintiff's claims are barred by his own copyright registration that excludes the copyright property owned by WizKids.

WHEREFORE Topps respectfully urges the Court to dismiss the Amended Complaint, award to Topps the costs and disbursements of this action, and such other relief as may be just and proper.

RESPECTFULLY SUBMITTED THIS July 22, 2009.

ALTFELD BATTAILE & GOLDMAN, P.C.

INGRAM YUZEK GAINEN CARROLL &BERTOLOTTI, LLP

/s/ John F. Battaile
John F. Battaile
*Attorneys for Defendant*

An original and one copy of the foregoing was mailed via First Class mail on July 22, 2009 to:

Scott Malcomson
450 N. Hall
Mesa, Arizona 85203
*Plaintiff*

/s/ Elena C. Todd

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733