**ALTFELD BATTAILE & GOLDMAN, P.C.**
**250 North Meyer Avenue**
**Tucson, Arizona 85701**
**Tel:(520) 622-7733**
**Fax:(520) 622-7967**
**JFBattaile@abgattorneys.com**
**John F. Battaile, ASB No. 4103**

**Ingram Yuzek Gainen Carroll & Bertolotti, LLP**
**250 Park Avenue**
**New York, New York 10177**
**Tel: (212) 907-9600**
**Fax: (212) 907-9681**
**DEbert@ingramllp.com**
**MTajika@ingramllp.com**
**David G. Ebert**
**Mioko C. Tajika**
***Admitted Pro Hac Vice***

*Attorneys for Defendant The Topps Company, Inc.*

Scott Malcomson
450 N. Hall
Mesa, Arizona, 85203
Phone: (602) 323-7458
calbeck@yahoo.com

*Pro Se* Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Scott Malcomson,<br><br>Plaintiff,<br><br>v.<br><br>The Topps Company, Inc.,<br><br>Defendant. | NO. CV08-2306-PHX-GMS<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT** |

**IT IS STIPULATED AND AGREED** by and among Plaintiff Scott Malcomson and Defendant Topps Company (collectively, the "Parties"), as follows:

1. The Parties agree to provide discovery to each other in this action.

2. The Parties agree that they will not disclose any documents containing Confidential Information, as defined in paragraph 3 below. The receiving party must not disclose any document or tangible thing bearing the label "CONFIDENTIAL" to any person other than those identified in paragraph 7

below, other than as is required for litigating this action, and not for business, personal, social, or other reasons.

3. "Confidential Information" means all documents or tangible things containing information of the disclosing party, or documents or tangible things containing information of the disclosing party's agent, subsidiary, or licensee, which the disclosing party considers is non-public business, personal, or financial information that is confidential or proprietary.

4. Before the disclosing party discloses any of its Confidential Information, it will provide to receiving party a log identifying the brief nature of the document or tangible thing and the basis for designating it as "CONFIDENTIAL." A document or tangible thing will be treated by the Parties as Confidential Information if: (a) the Parties agree to the confidential nature of the document or thing; and (b) if the Parties cannot agree to confidentiality, then upon a ruling by the Court that the document or thing constitutes Confidential Information. The disclosing party will disclose the document or thing only after the parties agree to treat the document or thing as Confidential Information, or there is a ruling by the Court. Each document or tangible thing considered to be Confidential Information will be marked or designated in some manner as "CONFIDENTIAL."

5. Testimony given in deposition or in other pretrial or trial proceedings may be designated as confidential by the disclosing party identifying on the record, before the close of the deposition, hearing, or other proceeding, the protected portions of the testimony. When it is impractical to separately identify each portion of testimony that is entitled to protection, and if substantial portions may qualify for protection, the disclosing party may invoke on the record, before the deposition or proceeding is concluded, a right to have up to 20 days to identify the

specific portions of the testimony as to which protection is sought. Transcript pages containing Confidential Information must be separately bound by the court reporter, who must affix to the top of each such page the legend CONFIDENTIAL as instructed by the disclosing party.

6. Confidential Information produced in electronic format may be designated as confidential by affixing the legend CONFIDENTIAL in a prominent place on the exterior of the container or containers, or electronic media, including CDs and DVDs, in which Confidential Information is stored. If only portions of the information warrant protection, the disclosing party must, to the extent practicable, identify the protected portions.

7. Confidential Information can be disclosed only to: (a) the attorneys for the party and members of their staffs (if plaintiff is later represented by an attorney, but not unless such attorney is providing formal representation and appears as plaintiff's counsel in this case); (b) independent experts or consultants retained solely for the purpose of assisting in this litigation; (c) any witness or prospective witness, when it is indicated on the face of the document that such person is the author, recipient, or intended recipient of such document; (d) court reporters taking testimony and members of their staff (solely for purposes of marking, but not retaining, copies of deposition exhibits); and (e) outside commercial copying and document imaging services.

8. Before a person described in paragraph 7(b) or 7(c) may view any Confidential Information, such person must be provided with a copy of this Confidentiality Agreement, and must, after reading its terms, agree to adhere fully to its terms by executing a sworn undertaking in the form annexed as **Exhibit A**. The original of the signed acknowledgment must be retained by the disclosing party, and a copy must be provided to the receiving party.

9. A party wishing to file the disclosing party's Confidential Information with the Court must so indicate to that disclosing party, and the Parties must discuss the mechanisms of making a motion or a stipulation to file under seal, in accordance with Rule 5.6 of the Local Rules of the District Court of Arizona. If the Parties cannot reach a consensual resolution, the Parties must comply with the provisions set forth in Rule 5.6(d) of the Local Rules of the District Court of Arizona.

10. A party must serve a copy of this Confidentiality Agreement simultaneously with any discovery request to a non-party in this action. The provisions of this Confidentiality Agreement apply equally to any non-party that discloses any Confidential Information.

11. The Parties will provide each other with a list of Confidential Information anticipated to be disclosed at trial at a reasonable time before trial and no later than when the lists of exhibits are exchanged by the Parties. Any Confidential Information to be disclosed at trial may be offered into evidence in open Court, unless the disclosing party obtains a protective order from the Court.

12. Within 20 days after the conclusion of this action, whether by settlement, withdrawal, judgment, expiration of the time to file an appeal, or otherwise, all Confidential Information and all copies in the possession of the receiving party must be returned to the disclosing party. Additionally, the receiving party must submit to disclosing party a written statement that the Confidential Information was returned, and that no additional copies remain in the receiving party's possession, or in the possession of any individual to whom the receiving party has delivered any Confidential Information in accordance with Paragraph 7 above.

13. The obligations of this Confidentiality Agreement will survive the conclusion of this action, whether by settlement, withdrawal, judgment, expiration of the time to file an appeal, or otherwise. The Court will retain jurisdiction to enforce the provisions of this Confidentiality Agreement.

14. This Confidentiality Agreement may be amended at any time by written agreement or order of this Court on notice.

15. This Confidentiality Agreement may be executed in two or more identical counterparts, which, when delivered either by facsimile, e-mail, or original, constitutes one and the same instrument, and is enforceable as if all parties had executed a single document.

Respectfully submitted this July ___, 2009.

Altfeld Battaile & Goldman, P.C.
- and -
Ingram Yuzek Gainen Carroll & Bertolotti, LLP

Date: 7/30/09

David G. Ebert
Mioko C. Tajika
John F. Battaile
*Attorneys for Defendant The Topps Company, Inc.*

Scott Malcomson

Date: 7/30/09

Scott Malcomson
*Pro Se Plaintiff*

EXHIBIT A

Undertaking Concerning
Confidential Information

The undersigned hereby acknowledges that he/she has received a copy of, and read, the Confidentiality Agreement in the action in the United States District Court for the District of Arizona, Phoenix Division, entitled Scott Malcomson v. The Topps Company, Inc., CV08-2306-PHX-GMS, and understands the provisions thereof, agrees to be bound thereby, and regardless of the disposition or settlement of this action consents to the personal jurisdiction of this Court for the enforcement thereof.

Dated: ____________________

____________________
Signature

____________________

____________________

____________________
Business Address

Sworn to before me this

____ day of ________________, 2009

____________________
Notary Public