✓ FILED ____ LODGED
____ RECEIVED ____ COPY

AUG 0 3 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ R DEPUTY

Scott Malcomson

450 N. Hall

Mesa, Arizona 85203

(602) 323-7458

calbeck@yahoo.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Malcomson, | NO. CV08-2306-PHX-GMS |
| Plaintiff, | |
| v. | **Plaintiff's Motion for Summary Judgement** |
| The Topps Company, Inc., | |
| Defendant. | |

Under Federal Rule of Civil Procedure 56, Plaintiff Scott Malcomson moves for Summary Judgement to be applied by the Court regarding this case. Both parties to this action have completed fact discovery and depositions. As the essential material facts of Plaintiff's claim have not been contradicted by documentation or other verifiable facts provided by Defendant, Plaintiff requests judgement be found in his favor as a matter of law.

ESSENTIAL MATERIAL FACTS

1. INTENT OF WORK

Plaintiff was engaged under an "on speculation" agreement by FASA Corporation, between September 1993 and September 1996, to author and co-develop a proposed game supplement entitled "Eridani Light Horse Scenario Pack" (attached as Exhibit A). As per FASA's "1996 Submission Guidelines" (attached as Exhibit A-1), the intent of the development process was

1

to "ensure that your ideas merge cleanly into the game universe". This statement satisfies the requirement of United States Code Title 17, Section 101, in that the work was prepared with the intention that it become an interdependent part of a unitary whole. Letters show that FASA Line Developers did indeed co-develop the "Eridani Light Horse Scenario Pack" in conjunction with Plaintiff. One of these, dated October 11, 1994 (attached as Exhibit A-2), shows a sufficiency of direction by FASA to establish the co-development relationship. Whether or not FASA ultimately chose to reject the proposal, after years of development, is irrelevant to the issue of creative intent. Defendant's citation of a Default Summary Judgement entered for FASA against Plaintiff in Cook County, Illinois, fails to show relevance as the court's ruling did not address non-obligatory statements of intent.

## 2. AUTHORIZED PUBLICATION

Having initially published an excerpt of Plaintiff's "Eridani Light Horse Scenario Pack" via the "ClassicBattleTech.com" website without knowledge by or accreditation to Plaintiff (attached as Exhibit B), WizKids LLC came to an agreement with Plaintiff for continued use of the work. The work continued to be treated in the manner in which it had been published, as an interdependent part of the unity comprising "Battletech". Plaintiff was accredited by the site as the author of the work beginning in June 2002 (attached as Exhibit B-1). WizKids LLC then replaced the initial version with a new version provided by Plaintiff, being as that the original had been an incomplete working draft. This second version appeared on the site in August 2002 (attached as Exhibit B-2).

2A. SPECIFIC AUTHORIZATION: as per the site's "Terms and Conditions of Use", dated June 10, 2002 (attached as Exhibit B-3), "This site is owned and operated by WizKids LLC and its affiliates." Plaintiff therefore holds that the acts of publishing his works with accreditation, said works being presented publically as interdependent parts of the "Battletech" unity (a condition known colloquially as "canon"), were operations of WizKids LLC and its affiliates.

2

According to statements by Warner Doles in Exhibit B-1, the site initially drew its authority from Battletech Line Director Randall Bills, whom Doles asserted was working at both WizKids LLC and FanPro, WizKids' licensee, on the "Battletech" property.

2B. CANONIZATION: The website maintained an area set aside for "fan fiction" (attached as Exhibit B-4), but Plaintiff's works did not appear there. Instead, WizKids LLC chose to nest them into an interdependent body of linked works comprising officially-sanctioned material under the main page heading of "The Clans" (attached as Exhibit B-5). To reach Plaintiff's work, site visitors had to click "The Clans", followed by "Clan History", "TF Serpent", and finally "Eridani Light Horse". It was not presented as a stand-alone work.

According to the site's "Contact Information" of December 2001, Warner Doles was the "Classic Battletech webmaster". In December 2002, and for every iteration of the "Contact Information" page thereafter through December 2005, Doles was listed as Site Administrator (Contact Information pages attached collectively as Exhibit B-6). Doles, responding to a public inquiry as to whether or not Plaintiff's work was canon, stated the following on May 22, 2005: "It is. If it's posted on CBT website about a faction, it is canon." (attached as Exhibit B-7).

As of August 12, 2003, Jason "Deathshadow" Knight joined the site's web team, taking over the job of web design (attached as Exhibit B-8). Knight stated on November 16, 2003 (also in Exhibit B-8) that Doles was "stepping back into a more command type position, and will continue to be an influence both here and as a writer for the sourcebooks." By December 7, 2003, Knight was referring to himself as the site's effective webmaster (as per Exhibit B-8), although Doles remained the actual Site Administrator (as per Exhibit B-6). By this time, the site's "Terms and Conditions of Use" stated "This site is owned and operated by FanPro and its affiliates" (attached as Exhibit B-9). On May 3, 2009, in response to an advisory that he might be summoned to testify in this case, Knight wrote an email to Defendant's counsel, with a copy to Plaintiff (attached as Exhibit B-10).

**3**

Knight's letter asserts "while we had official sanction and presented a public front to the company, the site was privately held, owned and operated with permission from WizKids". It further states that a company representative directed him to credit Plaintiff for the work in question, after which Knight removed the material from the website on his own initiative.

### 3. ISSUE OF COPYRIGHT FILING

Plaintiff's original filing of copyright in 2008 was predicated on his belief, at that time, that his work met the definition under United States Code Title 17, Section 101, of a "Contribution to a Collected Work". During the fact discovery phase, Plaintiff recovered records indicating the work had been intended, and ultimately published, as a "Joint Work". Plaintiff amended his original Complaint on this basis, but was not aware an amendment of the copyright filing itself was possible within the time constraints of the case, or even necessary until a decision or settlement had been arrived at. Defense counsel David Ebert raised this issue during deposition of Plaintiff as a likely bar to Plaintiff's claim. Plaintiff subsequently contacted the Copyright Office to correct the filing. The Copyright Records authority responded to Plaintiff's email request with a notice stating the authority "COPRecords@loc.gov" was out of the office until August 3rd, 2009 (attached as Exhibit C-1).

Plaintiff therefore begs consideration of the Court that appropriate corrective action is being taken, and that the process of amendment does not affect the facts in law regarding the creation and publication of the works referenced in this Motion.

### 4. PERTINENT RULES OF EVIDENCE

All Exhibits filed with this Motion are provided in accordance with Federal Rule of Evidence 401, in that they comprise evidence relevant to this case.

Exhibits A, A-1 and A-2 meet the standards of Federal Rule of Evidence 1003 in that they are duplicates of original physical correspondence between FASA Corporation and Plaintiff.

Exhibits B, B-1 through B-6 (inclusive), and B-9, are provided in accordance with Federal Rules of Evidence 902(7) and 1003, in that they are marked by labels purporting to have been affixed in the course of business and indicating ownership, control or origin, and in that they are duplicates of original electronic documents currently available via the Internet Library at www.archive.org, an affiliate of the American Library Association (see Appendix A).

Warner Doles' statements, found in Exhibits B-1 and B-7, are provided in accordance with Federal Rule of Evidence 801 (d)(2)(D), whereby a statement is not hearsay if is an admission by a party opponent's agent or servant, concerning a matter within the scope of agency or employment, made during the existence of the relationship. The declarant is unavailable for testimony or deposition as his contact information is unknown to Plaintiff and Defendant was unable to supply that information during fact discovery. Plaintiff therefore asserts Federal Rules of Evidence 804(a)(5), 805(b)(5), and 807 to allow the inclusion of Mr. Doles' statements, in that proponent is unable to procure declarant's testimony by process or other reasonable means; in that Doles acted as an Agent of WizKids LLC and its affiliates, and in that the concerns of Rule 807 would be served in admitting this document into evidence. Exhibit B-7 is a duplicate copy of source code taken from the public forums of ClassicBattleTech.com on August 24, 2005, by Plaintiff, who emailed the content to himself for safekeeping. Plaintiff retains the original email, but cannot reproduce the original forum post as virtually all data from that period was lost in a CBT.com server crash prior to being archived by the Internet Library. Plaintiff has provided both an original and complete copy of the email and a translation of the source code itself.

Exhibits B-8 and B-10 are provided in accordance with Federal Rules of Evidence 801(d)(2)(D), 803(15) and 807, in that Knight acted as an Apparent Agent of WizKids with belief that his permission to operate as a public front to the company came from WizKids; in that Knight took orders from a company representative regarding the site; in that Knight's statements affect an interest in the property of the website; and in that the concerns of Rule 807 would be served in admitting this document into evidence. Exhibit B-8 consists of duplicates of original electronic documents currently available via the Internet Library at www.archive.org, an affiliate of the American Library Association (see Appendix A).

Exhibit C-1 is provided in accordance with Federal Rule of Evidence 1003, in that it is a duplicate of original electronic correspondence between Plaintiff and the U.S. Copyright Office. Plaintiff retains the original email.

REGARDING APPENDIX A (Internet Library): Let the Court please note, as per the included documentation in Appendix A, that the Internet Library has been deemed sufficiently reliable as to have been accorded the mission of preserving federal government websites.

APPLICATION OF DOCTRINE OF ACQUIESCENCE: Defendant has noted that Plaintiff's work contains material which originally appeared in a prior FASA publication known as "Mercenary Handbook". FASA evinced no issues with the inclusion of this material during co-development of the "Eridani Light Horse Scenario Pack" between 1993 and 1996, although as shown in Exhibit A-2, FASA did ask for revisions and removals of other material appearing in the proposal. WizKids LLC made no comments regarding the material in question before or after electing to publish Plaintiff's works. In absence of production of any material evidence to the contrary by Defendant, Plaintiff asserts that the doctrine of acquiescence bars any claim of improper use of these materials.

**6**

<u>ASSERTION OF JOINT COPYRIGHT</u>: United States Code Title 17, Section 101, states:

*A "joint work" is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.*

Plaintiff asserts that "Battletech" is, in fact, a joint work created by dozens of authors whose hundreds of contributions, including his own, were prepared with the intention that they be merged into interdependent parts of a unitary whole.  Plaintiff asserts that, while the contributions of other authors were obtained through transfers of copyright such as pertain to "work-for-hire" contracts, his was not.  Defendant has not shown otherwise.  As such, Plaintiff invokes United States Code Title 17, Section 201(a), which states:

*Initial Ownership.— Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work.*

WHEREFORE,

As Defendant has presented no documentation or testimony to show that Plaintiff did not originate a portion of both versions of the works in question; or that either FASA or WizKids LLC did not acquiesce in the inclusion within either of these works of certain materials copyrighted to them; or that WizKids LLC objected in any way to the publication of any of the works in question; or that the intent of both creation and publication of these works was for purposes other than the declared and demonstrated intent of merging Plaintiff's work into the "Battletech" game universe,

PLAINTIFF requests the Court enter Summary Judgement affirming Plaintiff as co-owner of a Joint Work encompassing the whole of the "Battletech" game universe as originally intended, created by WizKids LLC prior to the Defendant's purchase of that company.

RESPECTFULLY SUBMITTED THIS August 3, 2009.

SCOTT MALCOMSON
*Plaintiff, filed pro se*

450 N. Hall, Mesa, Arizona 85203

(602) 323-7458

Certificate of Service

I certify that a copy of the foregoing Motion for Summary Judgement, as well as copies of all Exhibits and Appendixes attached, was served on Defendant, in the person of chief counsel Mioko C. Tajika, of Ingram Yuzek Gainen Carroll & Bertolotti, LLP, 250 Park Avenue, New York, New York 10177 this August 3, 2009.

8