## Exhibits to Affidavit of Andrew J. Gasper in Support of Defendant's Cross-Motion for Summary Judgment

Exhibit A    Asset Purchase Agreement by and between FASA Corporation and WizKids, LLC

# EXHIBIT A

# ASSET PURCHASE AGREEMENT

## BY AND BETWEEN

## FASA CORPORATION

## AND

## WIZKIDS, LLC

CONFIDENTIAL DOCUMENT

T 0092

## ASSET PURCHASE AGREEMENT

THIS AGREEMENT is made March 14, 2001, by and between FASA Corporation, an Illinois corporation ("Seller"), and Wizkids, LLC, a Delaware limited liability company ("Purchaser").

### RECITALS

A. Seller owns and operates a business in Chicago, Illinois, which referred to herein as the "Business".

B. Seller desires to sell certain of the assets, properties, and rights of the Business (the "Purchased Assets"), and Purchaser desires to purchase the Purchased Assets, all on the terms and subject to the conditions contained in this Agreement.

### AGREEMENTS

Therefore, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

### ARTICLE I
#### Purchase and Sale of Assets

1.1    **Agreement to Purchase and Sell.**  On the terms and subject to the conditions contained in this Agreement, Purchaser agrees to purchase from Seller, and Seller agrees to sell to Purchaser, all of the Purchased Assets. The Purchased Assets shall be sold to Purchaser free and clear of any liens, title claims, encumbrances or security interests, other than the Permitted Lien (as defined herein).

1.2    **Enumeration of Purchased Assets.**  The Purchased Assets include the following, and only the following, items: all Intellectual Property (as herein defined) and Work Product (as herein defined), other than the Excluded Property (as herein defined), and all claims and rights relating thereto, including without limitation, all rights under any License Agreements (as defined herein) and Option Agreements (as defined herein) pertaining thereto which are identified on Schedule 4.2(k) of the Disclosure Schedule hereto, subject in all events to the provisions of Section 7.8 hereof.

1.3    **Excluded Assets.**  Notwithstanding Sections 1.1 and 1.2, all of Seller's properties, rights and assets other than the Purchased Assets are not, and shall not be, included as part of the Purchased Assets and are not being sold to Purchaser hereunder, including without limitation, the following assets of Seller (the "Excluded Assets"): (a) all accounts receivable; (b) all inventory, including but not limited to, raw materials, work in process, finished goods, service parts and supplies (the "Inventory"); (c) all equipment; (d) all leased personalty; (e) all cash on hand and in banks, cash equivalents, and investments; (f) all rights and benefits under any contracts, orders, commitments, leases and agreements, except as expressly included as part of the Purchased Assets,

CONFIDENTIAL
DOCUMENT

T 0093

including without limitation, that certain Agreement with Microsoft Corporation; (g) all books and records, all sales and promotional materials, catalogues, advertising literature and artwork; production manuals and procedures; (h) all computer software, including all documentation and source codes with respect to such software and licenses and leases of software; (i) the game system, game fiction and game universe relating to the property commonly known as "VOR" (collectively being referred to herein as the "Excluded Property") (as opposed to the sculptures and characters related to VOR which are being sold to Purchaser's affiliate Wizkids Ohio, LLC by an affiliate of Seller, F-H Operating Company, LLC, pursuant to a separate asset purchase agreement of even date herewith); (j) certain payments to be received under the License Agreements, as more fully set forth in Section 7.8 hereof, and (k) Seller's charter, minute and stock record books, income tax returns, checkbooks and canceled checks.

## ARTICLE II
## Assumption of Liabilities

2.1     Assumption of Liabilities. At the Closing (as herein defined), Purchaser shall assume and agree to discharge and perform the following (and only the following) liabilities of Seller (the "Assumed Liabilities"): liabilities which relate to any Purchased Assets which are executory in nature, such as the obligation to pay a filing or maintenance fee on a trademark renewal, or the liabilities under any of the License Agreements (as herein defined), included as part of the Intellectual Property purchased hereunder.

2.2     Retention of Liabilities.      Other than the Assumed Liabilities, Purchaser is not assuming any liabilities and shall not be liable for any liabilities, obligations, debts, or claims of or against Seller, whether or not disclosed pursuant to this Agreement, absolute or contingent, or known or unknown (the "Retained Liabilities"). Seller shall be responsible for and shall pay, satisfy and otherwise discharge as and when due any and all of the Retained Liabilities of Seller.

## ARTICLE III
## Purchase Price, Ancillary Agreements and Closing

3.1     Purchase Price. The purchase price (the "Purchase Price") for the Purchased Assets shall be ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in cash (the "Cash Portion"), plus royalty payments to be made pursuant to that certain Royalty Agreement attached hereto as **Exhibit A** and made a part hereof (the "Royalty Agreement"), all as more fully set forth therein (the "Deferred Contingent Portion").

3.2     Manner of Payment. The Purchase Price shall be paid as follows: the Cash Portion of the Purchase Price shall be paid by corporate check or wire transfer to Seller on April 1, 2001; provided that Seller's affiliate F-H Operating Company, LLC, has provided Purchaser with evidence of payment of the next installment owed to Ral Partha Enterprises, Inc. ("Original Owner") which is due on March 31, 2001 (the "Ral Partha Installment"). In the event F-H Operating Company, LLC has not paid the Ral Partha Installment by March 31, 2001, Purchaser may pay the Cash Portion

CONFIDENTIAL DOCUMENT



10.8   Amendments. This Agreement shall not be modified or amended except pursuant to an instrument in writing executed and delivered on behalf of each of the parties hereto.

10.9   Headings. The headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

SELLER:
FASA CORPORATION

By: *[signature: Morton Weisman]*
Its: CEO

PURCHASER:
WIZKIDS, LLC

By: _____
Its: _____

For the purpose of making the representations and warranties set forth in Section 4.2 of this Agreement, for the purpose of the covenant set forth in Section 7.9 of this Agreement and for the purpose of making the indemnification covenants set forth in Section 8.2 of this Agreement, the undersigned, Jordan Weisman, Morton Weisman and Ross Babcock, each individually, jointly and severally, hereby join in and agree to be bound by this Agreement.

_____
Jordan Weisman

*[signature: Morton Weisman]*
Morton Weisman

_____
Ross Babcock

16

CONFIDENTIAL DOCUMENT

T 0107

10.8   Amendments. This Agreement shall not be modified or amended except pursuant to an instrument in writing executed and delivered on behalf of each of the parties hereto.

10.9   Headings. The headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

> SELLER:
> FASA CORPORATION
>
> By:_____
> Its:_____
>
> PURCHASER:
> WIZKIDS, LLC
>
> By:_____
> Its:_____

For the purpose of making the representations and warranties set forth in Section 4.2 of this Agreement, for the purpose of the covenant set forth in Section 7.9 of this Agreement and for the purpose of making the indemnification covenants set forth in Section 8.2 of this Agreement, the undersigned, Jordan Weisman, Morton Weisman and Ross Babcock, each individually, jointly and severally, hereby join in and agree to be bound by this Agreement.

_____
Jordan Weisman

_____
Morton Weisman

_____
Ross Babcock

16

CONFIDENTIAL DOCUMENT

T 0108

10.8    Amendments. This Agreement shall not be modified or amended except pursuant to an instrument in writing executed and delivered on behalf of each of the parties hereto.

10.9    Headings. The headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.

SELLER:
FASA CORPORATION

By:_____
Its:_____

PURCHASER:
WIZKIDS, LLC

By:_____
Its:_____

For the purpose of making the representations and warranties set forth in Section 4.2 of this Agreement, for the purpose of the covenant set forth in Section 7.9 of this Agreement and for the purpose of making the indemnification covenants set forth in Section 8.2 of this Agreement, the undersigned, Jordan Weisman, Morton Weisman and Ross Babcock, each individually, jointly and severally, hereby join in and agree to be bound by this Agreement.

_____
Jordan Weisman

_____
Morton Weisman

_____
Ross Babcock

16

CONFIDENTIAL DOCUMENT

T 0109