✓ FILED ____ LODGED
____ RECEIVED ____ COPY

OCT 2 8 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____P DEPUTY

Scott Malcomson

450 N. Hall

Mesa, Arizona 85203

(602) 323-7458

calbeck@yahoo.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Scott Malcomson, | NO. CV08-2306-PHX-GMS |
|---|---|
| Plaintiff, | |
| v. | **REPORT ON SETTLEMENT TALKS** |
| The Topps Company, Inc., | |
| Defendant. | |

As required by the Court's Case Management Order, paragraph 8, Plaintiff submits this Report on Settlement Talks with Defendant. Defendant's refusal is attached as Exhibit AA.

Defendant refuses to meet for face-to-face negotiations, good-faith or otherwise. Plaintiff reminded Defendant on 25 October that a deadline existed to conduct these negotiations. Defendant's response was to refuse to meet face-to-face, and to only conduct any discussions of settlement over the phone. Mention was made of an "offer" having been made to Plaintiff, but this was strictly the non-negotiable sum of $15,000, which Defendant advised Plaintiff would be "docked" for Defendant's continuing legal expenses.

The sole face-to-face meeting between Plaintiff and Defendant, to date, has been Mr. David Ebert's taking of Mr. Scott Malcomson's deposition, shortly after which Ebert suggested that Malcomson had committed a criminal act in "knowingly falsifying a copyright registration", by exempting Battletech from his original copyright claim. Ebert then offered Malcomson a take-it-or-leave-it cash settlement offer, and

1

refusing to discuss or negotiate the matter any further.

Since October 2007, Plaintiff has repeatedly attempted to offer settlement, and to discuss any options for settlement, with both WizKids and Topps. Both companies ignored these requests until suit was filed, and have since either ignored or rebuffed all further overtures.

Although the Court's Case Management Order requires a joint filing of this Report, Plaintiff is filing singly, as Defendant refuses to engage in these matters. As the Order states this Report should "indicate whether assistance from the Court is needed in seeking settlement", Plaintiff asserts that Defendant does not appear to be interested in settlement negotiations of any kind unless made to do so under sanctions.

RESPECTFULLY SUBMITTED THIS 28 OCTOBER, 2009.

SCOTT MALCOMSON
*Plaintiff, filed pro se*

450 N. Hall, Mesa, Arizona 85203

(602) 323-7458

Certificate of Service

I certify that a copy of the foregoing Request for Production was served on Defendant, in the person of chief counsel Mioko C. Tajika, of Ingram Yuzek Gainen Carroll & Bertolotti, LLP, 250 Park Avenue, New York, New York 10177 this 28 October, 2009.



# YAHOO!® MAIL
### Classic

**Settlement**                                                   Wednesday, August 5, 2009 6:53 AM

**From:** "Ebert, David G." <DEbert@ingramllp.com>
  **To:** calbeck@yahoo.com
  **Cc:** "Ebert, David G." <DEbert@ingramllp.com>

Scott -

I was surprised that you didn't get back to me Monday as you promised, and instead served a motion for summary judgment.   In any event, Topps is offering $15,000 to get this resolved now.   We still believe that your claim is entirely without merit for a host of reasons but, from an economic perspective, it would be less expensive for Topps to pay you this amount than to continue to pay me to litigate the claim.   If you don't accept this offer and I have to start putting in time opposing your motion and drafting our cross-motion for summary judgment, then the $15,000 is going to start decreasing by the amount of the legal fees that I have to put into this.   It won't take long at all for the number to be reduced to $0.   If you want to do this deal, please let me know, in writing, by the end of the day tomorrow.

I obviously don't represent you, Scott.  My allegiance is 100% with Topps and you, of course, should not be taking legal advice from me.  But I'm telling you that if you decline this deal, it is overwhelmingly likely that you will walk away with nothing.

David

_____
David G. Ebert
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
250 Park Avenue - 6th Floor, New York, N.Y. 10177
212.907.9603   debert@ingramllp.com

_____

**From:** Ebert, David G.
**Sent:** Wednesday, July 29, 2009 12:47 PM
**To:** 'calbeck@yahoo.com'
**Cc:** Ebert, David G.
**Subject:** Settlement

Hi Scott (and please call me David) - can we speak today or tomorrow about getting this settled and wrapped up?  Please let me know.  David

_____
David G. Ebert
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
250 Park Avenue - 6th Floor, New York, N.Y. 10177
212.907.9603   debert@ingramllp.com

_____

**Confidentiality Notice:**

The information contained in this e-mail and any attachments to it is privileged, confidential, and protected from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately, and delete it from your network server and/or hard drive.
Please visit our new web site at...
http://www.ingramllp.com



**Re: Settlement**                                                Friday, August 7, 2009 10:05 PM

From: "calbeck@yahoo.com" <calbeck@yahoo.com>
  To: " David G.Ebert" <DEbert@ingramllp.com>
  Cc: calbeck@yahoo.com


Mr. Ebert,

I have continued to examine the situation as it stands, taking into account the matters you raised at the deposition. I have addressed the two primary matters of concern in my Motion for Summary Judgement. As I have noted previously, I do not currently see these matters as posing a significant bar to my claim.

I expect, in accordance with your statements at the deposition and since, that you will draft a Response and/or Motion to Dismiss which concerns itself with matters of technicality, being as that Topps has not produced any apparently relevant documentation otherwise.

Assuming I do in fact lose this case on basis of technical mistakes on my part, I plan to appeal and ensure any such mistakes are addressed...this time with qualified legal counsel, which I expect to obtain on contingency basis through the inclusion of requests for monetary damages (including a co-owner's share of Battletech revenues since mid-2003). I did not include those requests this time around out of interest in negotiating with Topps. Now that I know Topps does not wish to negotiate on any basis which would make such forbearance on my part relevant, I will not forgo it in future.

If Topps wishes to consider any portion of your firm's legal fees to be "billable" against any offer of settlement with myself, this is of course unacceptable to me. Your firm's employment was a voluntary action of the company, and could have been avoided, had the company chosen to negotiate such a solution during the Oct 2007 - Dec 2008 period...instead of ignoring the problem.

I have no illusions, Mr. Ebert...I don't believe that merely because I'm in the right, as I see it, that I shall automatically prevail. But I also don't believe Topps is being entirely honest when it states $10K is "the absolute maximum for settlement" and then raises that amount by 50% without any changes in the facts before the court.

I believe Topps is attempting to head off a potential loss, despite whatever technicalities might be brought into play on its behalf. I base this belief off the fact that Topps has presented no documentation in its defense which appears to have relevant bearing on the case. I certainly haven't seen evidence of this "host of reasons" by which Topps believes my case is "entirely without merit".

An offer has been put forward: a nonexclusive permanent Battletech license in my name. Short of that, I'm willing to hear what the judge has to say on the Motion, for or against me, and we shall see how things play out from there.


Scott Malcomson

--- On Wed, 8/5/09, Ebert, David G. <DEbert@ingramllp.com> wrote:

> From: Ebert, David G. <DEbert@ingramllp.com>
> Subject: Settlement
> To: calbeck@yahoo.com
> Cc: "Ebert, David G." <DEbert@ingramllp.com>

> Date: Wednesday, August 5, 2009, 6:53 AM
>
>
>
>
>
>
>
> Scott
> -
>
> I was
> surprised that you didn't get back to me Monday as you
> promised, and instead
> served a
> motion  for summary
> judgment.   In any
> event, Topps is offering $15,000 to get this
> resolved  now.   We still believe
> that your claim is
> entirely without merit for a host of reasons but, from an
> economic perspective,
> it would be less expensive for Topps to pay you this amount
> than to continue to
> pay me to litigate the claim.    If you
> don't accept  this
> offer and I have to start
> putting in time opposing your
> motion and drafting our cross-motion for
> summary judgment, then the
> $15,000 is going to start decreasing
> by the amount of
> the legal fees that I
> have to put into
> this.   It
> won't take long at all
> for the number to be reduced to $0.   If
> you want to do this
> deal, please let me know,
> in
> writing, by the end of the day tomorrow.
>
> I obviously don't represent
> you, Scott.  My
> allegiance is 100% with Topps and you, of
> course, should not be taking
> legal advice from me.  But I'm telling you
> that if you decline this
> deal, it is overwhelmingly likely that you will walk
> away with
> nothing.
>
> David

>
>
>
>
> _____
> David G.
> Ebert
> Ingram Yuzek Gainen
> Carroll &
> Bertolotti, LLP
> 250 Park Avenue -
> 6th Floor, New York,
> N.Y. 10177
> 212.907.9603   debert@ingramllp.com
>
>
>
>
>
> From: Ebert, David G.
> Sent:
> Wednesday, July 29, 2009 12:47 PM
> To:
> 'calbeck@yahoo.com'
> Cc: Ebert, David G.
> Subject:
> Settlement
>
>
>
> Hi Scott (and please
> call me David) - can we speak today or tomorrow about
> getting this settled and
> wrapped up?  Please let me know.
> David
>
>
> _____
> David G.
> Ebert
> Ingram Yuzek Gainen
> Carroll &
> Bertolotti, LLP
> 250 Park Avenue -
> 6th Floor, New York,
> N.Y. 10177
> 212.907.9603   debert@ingramllp.com
>
>
>
>
>
>

> Confidentiality Notice:
> The information contained in this e-mail and any
> attachments to it is privileged, confidential, and protected
> from disclosure. If you are not the intended recipient, you
> are hereby notified that any dissemination, distribution or
> duplication of this communication is strictly prohibited. If
> you have received this communication in error, please notify
> the sender immediately, and delete it from your network
> server and/or hard drive.
> Please visit our new web site at...
> http://www.ingramllp.com
>
>



**YAHOO! MAIL**
Classic

### RE: Malcomson v. Topps: Good Faith Negotiation Deadline

Monday, October 26, 2009 9:13 AM

**From:** "Tajika, Mioko" <mtajika@ingramllp.com>
  **To:** calbeck@yahoo.com
  **Cc:** "Tajika, Mioko" <mtajika@ingramllp.com>

Mr. Malcomson:

We have made an offer to which you never responded. We do not intend to come to Phoenix; any settlement discussion can be conducted over the phone.

Thank you,

Mioko Tajika

Mioko C. Tajika
Ingram Yuzek Gainen Carroll & Bertolotti, LLP
250 Park Avenue, 6th Floor
New York, New York 10177
(p) 212.907.9622
(f) 212.907.9681

-----Original Message-----
From: calbeck@yahoo.com [mailto:calbeck@yahoo.com]
Sent: Sunday, October 25, 2009 3:46 PM
To: Tajika, Mioko
Cc: calbeck@yahoo.com
Subject: Malcomson v. Topps: Good Faith Negotiation Deadline

Ms. Tajika,

As you know, October 30th is the deadline for face-to-face good faith negotiations to have taken place. Reports on the outcome of same must be filed with the court no later than five days thereafter.

Being as that I am currently unemployed and without reserves sufficient for travel to New York for such a meeting, I am afraid that the defense team will need to have a representative meet me here in the Phoenix area.

I am available at any day and time which meets the needs of your resulting schedule. My own apartment is rather cramped and lacking in furniture, so if you would prefer to arrange things at an alternate location, such as a hotel or local meeting room, that would be acceptable.

Please contact me at your earliest convenience with details on how and when your representative would prefer to meet.

Scott Malcomson
602 323 7458
calbeck@yahoo.com
450 N. Hall, Mesa, AZ 85203

---------------------------------------------------

Confidentiality Notice:
The information contained in this e-mail and any attachments to it is privileged, confidential, and protected from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately, and delete it from your network server and/or hard drive.
Please visit our new web site at...
http://www.ingramllp.com