**ALTFELD BATTAILE & GOLDMAN, P.C.**
250 North Meyer Avenue
Tucson, Arizona 85701
Tel:(520) 622-7733
Fax:(520) 622-7967
JFBattaile@abgattorneys.com
John F. Battaile, ASB No. 4103

**Ingram Yuzek Gainen Carroll & Bertolotti, LLP**
250 Park Avenue
New York, New York 10177
Tel: (212) 907-9600
Fax: (212) 907-9681
DEbert@ingramllp.com
MTajika@ingramllp.com
David G. Ebert
Mioko C. Tajika
*Admitted Pro Hac Vice*

*Attorneys for Defendant, The Topps Company, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Malcomson,<br><br>    Plaintiff,<br><br>v.<br><br>The Topps Company, Inc.,<br><br>    Defendant. | NO. CV08-2306-PHX-GMS<br><br>**DEFENDANT'S REPORT ON SETTLEMENT TALKS** |

Defendant, The Topps Company, Inc., respectfully submits this report as required under the Court's Case Management Order (Docket Index ("D.I.") #20), and in response to *pro se* plaintiff Scott Malcomson's Report on Settlement Talks ("Report") (D.I. #62).

Malcomson has demonstrated by submitting—in an apparent effort to prejudice Topps—selected portions of the parties' settlement communications in violation of Fed. R. Evid. 408 and related federal/common law principles. Topps has made good faith

efforts to engage in settlement negotiations. It would be inappropriate to recount for the Court specifics of any of those discussions. But as Malcomson has also disclosed in his papers, his last offer was this:

> An offer has been put forward: a nonexclusive permanent Battletech license in my name. Short of that, I'm willing to hear what the judge has to say on [Malcomson's] Motion [for Summary Judgment], for or against me, and we shall see how things play out from there.

(Report, Ex. AA at 3 (*see* August 7, 2009 e-mail from Scott Malcomson to David Ebert).)

Based on this wholly unrealistic and overreaching demand, there is no possibility of the parties reaching a settlement. Also, we did not refuse to meet face-to-face. Malcomson advised that he would not travel to New York to discuss settlement and we advised that we did not intend to come to him, which, based on our prior experience with him, unquestionably would have been unproductive.

Finally, if it becomes relevant or the Court so instructs, Topps's counsel will respond, under oath, to Malcomson's fabricated accusations about threats supposedly made to him.

RESPECTFULLY SUBMITTED THIS October 30, 2009.

ALTFELD BATTAILE & GOLDMAN, P.C.

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP


 /s/ John F. Battaile
*Attorneys for Defendant*

The foregoing was electronically filed
and sent via U.S. Mail on October 30, 2009 to:

Scott Malcomson
450 N. Hall
Mesa, Arizona 85203


 /s/ Elena C. Todd
Elena C. Todd

-2-