**ALTFELD BATTAILE & GOLDMAN, P.C.**
**250 North Meyer Avenue**
**Tucson, Arizona 85701**
**Tel:(520) 622-7733**
**Fax:(520) 622-7967**
**JFBattaile@abgattorneys.com**
**John F. Battaile, ASB No. 4103**

**Ingram Yuzek Gainen Carroll & Bertolotti, LLP**
**250 Park Avenue**
**New York, New York 10177**
**Tel: (212) 907-9600**
**Fax: (212) 907-9681**
**DEbert@ingramllp.com**
MTajika@ingramllp.com
**David G. Ebert**
**Mioko C. Tajika**
*Admitted Pro Hac Vice*

*Attorneys for Defendant, The Topps Company, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Malcomson, | NO. CV08-2306-PHX-GMS |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFFF'S MEMORANDUM REGARDING ALLEGED PERJURY BY DEFENDANT** |
| v. | |
| The Topps Company, Inc., | |
| Defendant. | |

Defendant, The Topps Company, Inc., submits this opposition to the document entitled "Plaintiff's First Memorandum Regarding Perjury by Defendant Relevant to Plaintiff's Motion for Summary Judgment" ("Pl. Motion.") filed by *pro se* plaintiff Scott Malcomson on January 5, 2010.

Malcomson argues that Topps has "attempted to prejudice the Court in favor of a dismissal of Plaintiff's case through what clearly appears to be a number of perjurious statements," and requests the Court to "initiate a federal investigation into appropriate charges of Perjury." (Pl. Motion. at page numbered 11.)

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

## Point I

## <u>Topps Did Not Perjure Itself</u>

The federal perjury statute is codified at 18 U.S.C. §§ 1621 through 1623.[1]  "A witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  *United States v. Dunnigan*, 507 U.S. 87, 1116 (1993), *abrogated on other grounds*, *United States v. Wells*, 519 U.S. 482 (1997).

"A false statement is not perjurious unless material."  *United States v. Martinez*, 855 F.2d 621, 623 (9th Cir. 1988).  A statement is material if it "has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking [sic] body to which it was addressed."  *Kungys v. United States*, 485 U.S. 759, 770 (1988) (quotation omitted).  Accordingly, for Topps to have perjured itself, the alleged perjurious statement must be false, and material.

### 1.    The First Alleged Perjury

Malcomson alleges that Topps perjured itself in two ways.  First, Malcomson points to the October 5, 2009 affidavit of Topps's Vice President and General Counsel, Andrew J. Gasper, who attested that "[i]n November 2008, WizKids announced that it would be ceasing a large portion of its operations, and commenced a process to look for prospective buyers for its businesses."  (Affidavit of Andrew J. Gasper in Support of Defendant's Cross-Motion for Summary Judgment sworn to on October 5, 2009 ("Gasper Aff."), Docket Index ("D.I.") #56 ¶ 3.)

---

[1] Malcomson's citation to "United States Code Title 28a, Rule 401" appears to be inapposite because that rule deals with the relevancy of evidence under the federal rules of evidence.

Malcomson appears to be alleging that this is a false statement, because according to publicly available information, it was Topps, not WizKids, who shut down WizKids's operations. (Pl. Motion Ex. CC at 1–2.) According to Malcomson, this "undermines [Topps]'s claim that Topps did not exercise control over WizKids and/or its property assets, upon which its request for dismissal of this case is reliant." (Pl. Motion at 2.)

Here, whether Topps or WizKids shut down WizKids's business operations is immaterial to the ultimate issue to be decided in this case. Malcomson's motion for summary judgment seeks a declaration of joint ownership of the Classic BattleTech Property ("BattleTech Property") between him and Topps. But the issue of who shut down WizKids is irrelevant to the issue of whether Topps owns the BattleTech Property, and hence, whether Malcomson co-owns the BattleTech Property with Topps.

Moreover, Mr. Gasper attested, twice, that Topps owns 100% of WizKids. (Gasper Aff., D.I. #56 ¶¶ 3, 5.) As WizKids's corporate parent, Topps obviously would have been involved in the decision to cease WizKids's business operations and Mr. Gasper never suggested otherwise.

### 2.    The Second Alleged Perjury

The second allegedly perjurious statement is Mr. Gasper's statement that WizKids, and not Topps, owns the BattleTech Property. (Gasper Aff., D.I. #56 ¶¶ 4, 5.) This is a true statement. The BattleTech Property, originally owned by FASA Corporation, was transferred to WizKids under a March 14, 2001 Asset Purchase Agreement. (Gasper Aff., D.I. #56 ¶ 4.)

WizKids has not transferred this property to Topps, and the BattleTech Property is currently owned by WizKids, n/k/a Former Games, Inc. (Gasper Aff., D.I. #56 ¶¶ 3, 5.) Copyright owned by a subsidiary corporation does not mean that it is owned by the parent corporation. *See Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1033 (C. D.

Cal. 2007) (holding that the concept of "related company rule" does not apply in the context of copyright ownership, barring assertion by controlled subsidiary of intellectual property rights belonging to parent corporation).

Even if WizKids later decides to transfer the BattleTech Property to Topps,[2] or if Topps were for some reason deemed the owner of the BattleTech Property, Malcomson would still be unable to prevail on his claim that he and Topps are co-owners.  As explained in Topps's papers in opposition to Malcomson's motion for summary judgment and in support of Topp's cross-motion for summary judgment, Malcomson's claim is barred by the statute of limitations.  (Defendant's Opposition to Plaintiff's Motion for Summary Judgment and its Cross-Motion for Summary Judgment dated October 5, 2009 ("Def. Opp. and Cross-Motion"), D.I. # 53 at 5–8.)  Furthermore, Malcomson has not proffered any evidence to show that FASA, WizKids, or Topps intended to co-own the BattleTech Property with him.  (Def. Opp. and Cross-Motion, D.I. #53 at 8–14.)

## Point II

### Malcomson's Submission Should Be Barred As Untimely

Malcomson's latest motion, which relates to the pending motion and cross-motion for summary judgment, is untimely.  The Court's February 20, 2009 Case Management Order set the deadline for dispositive motions no later than November 27, 2009.  (Case Management Order, D.I. # 20 ¶ 7(a).)  The Court even cautioned that it "intends to enforce the deadlines set forth in this Order, and [the parties] should plan their litigation activities accordingly."  (Case Management Order, D.I. # 20 ¶ 10.)

---

[2] If WizKids transfers the BattleTech Property to Topps, we will promptly advise the Court of the transfer.

-4-

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

The briefing on the summary judgment was completed on October 30, 2009, with Topps's Reply in Further Support of its Cross-Motion for Summary Judgment.[3] Malcomson's motion comes two-and-a-half months after the completion of the briefing, and roughly two months after the deadline for making a dispositive motion.  There is no reason, and Malcomson does not even attempt to explain, why he could not have asserted the allegations in this motion in his reply on the summary judgment motion, which he filed on October 13, 2009.  The public information on which Malcomson relies was available to him well in advance of that date.[4]  He even admits that one of the articles was available "before Plaintiff and Defendant even met before the Court to schedule this case."  (Pl. Motion. at 2.)[5]

Accordingly, Malcomson's submission is untimely.  *Leong v. Potter*, 347 F.3d 1117, 1125 (9th Cir. 2003) (district court properly enforced its procedural rules by striking plaintiff's supplemental brief in opposition to defendant's summary judgment motion that was over-length, filed late, and plaintiff did not seek leave to file the supplemental brief); *Medical Lab. Mgmt. Consultants v. American Broad. Cos., Inc.*, 306 F.3d 806, 826 (9th Cir. 2002) (finding no abuse of discretion in the district court's

---

[3] Malcomson filed a document entitled "Plaintiff's Motion to Dismiss Defendant's Reply in Further Support of its Cross-Motion for Summary Judgment," on November 2, 2009, asking this Court to disregard Topps's reply.  Malcomson fails to realize that Topps cross-moved for summary judgment.  The courts in this district entertain reply papers submitted in further support of a cross-motion. *Christopher v. SmithKlein Beecham Corp.*, No. CV-08-1498-PHX-FJM, 2009 WL 4051075, at *1 (D. Ariz. Nov. 20, 2009); *Olson v. McKesson Corp.*, No. CV-04-2428-PHX-FJM, 2006 WL 2355393, at *1 (D. Ariz. Aug. 14, 2006).

[4] The articles that Malcomson attaches in support of his current submission are dated all before the date he submitted the reply: June 25, 2009, June 23, 2009, December 15, 2008, December 12, 2008, November 17, 2008, January 11, 2009, and September 14, 2009.  (Pl. Motion. Ex. CC at 1–7.)

[5] Four out of the seven articles were actually available before the parties met in this case.

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733

declination to consider a submission filed three weeks after the court's deadline for responses to summary judgment motion).

### Conclusion

For the reasons stated above, Topps respectfully requests that this Court deny Malcomson's latest motion.

RESPECTFULLY SUBMITTED THIS January 21, 2010.

ALTFELD BATTAILE & GOLDMAN, P.C.

INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP


/s/ John F. Battaile
*Attorneys for Defendant*

The foregoing was electronically filed
and sent via U.S. Mail on January 21, 2010 to:

Scott Malcomson
450 N. Hall
Mesa, Arizona 85203


/s/ Elena C. Todd
Elena C. Todd

-6-

ALTFELD BATTAILE & GOLDMAN, P.C.
250 NORTH MEYER AVENUE
TUCSON, ARIZONA 85701-1047
520-622-7733