1    **WO**

2    NOT FOR PUBLICATION

3

4

5

6    IN THE UNITED STATES DISTRICT COURT

7    FOR THE DISTRICT OF ARIZONA

8

9    SCOTT MALCOMSON,                    )    No. CV-08-2306-PHX-GMS
                                         )
10            Plaintiff,                 )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     THE TOPPS COMPANY, INC.,            )
13                                       )
             Defendant.                  )
14                                       )
                                         )
15

16        Pending before the Court is the Motion to Alter or Amend Judgment filed by Plaintiff

17   Scott Malcomson pursuant to Federal Rule of Civil Procedure 59, which the Court treats as

18   a motion for reconsideration. (Dkt. #71.) Under Rule 59(e), a motion to alter or amend

19   judgment "is appropriate 'if the district court: (1) is presented with newly discovered

20   evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if

21   there is an intervening change in controlling law.'" *Circuit City Stores, Inc. v. Mantor* 417

22   F.3d 1060, 1064 (9th Cir. 2005) (quoting *Sch. Dist. No. 1J, Multnomah County v. ACandS,*

23   *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

24        Upon review of Malcomson's arguments in light of the record and the Court's

25   previous Order, the Court denies Malcomson's Motion. Here, Malcomson has not presented

26   the Court with any *newly discovered* evidence, nor has he demonstrated that its order and

27   judgment was somehow *manifestly unjust*. Finally, Malcomson does not cite any intervening

28

*change* in the controlling law that suggest that he might have a valid joint ownership claim based on the facts presented in the parties' motions for summary judgment.

Moreover, to the extent Malcomson's Motion should be construed as a motion for relief from judgment or order filed pursuant to Federal Rule of Civil Procedure 60(b), his arguments also fail. Under Rule 60(b), a party may seek relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). None of these reasons for vacating the Court's prior judgment exist here, as the arguments Malcomson raises in his Motion are without merit.

The crux of Malcomson's argument in this Motion appears to be that the Court refused to consider his separate statement of facts, as it was filed in the same document as Malcomson's motion for summary judgment (*See* Dkt. ## 48, 71.) The problem with the summary judgment motion, however, was not that Malcomson failed to articulate facts in a separate filing, but that he failed to set forth his facts by "refer[ing] to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.)." LRCiv. 56.1(a).

As discussed in the Court's order granting Summary Judgment to the Topps Company, Malcomson carried the burden of proof on his claims at trial; therefore, in response to the Topps Company's Cross Motion for Summary Judgment, he was required to set forth specific facts showing that there was a genuine issue for trial. Malcomson failed to present such facts. *See* LRCiv. 56.1(b); *see also Malcomson v. The Topps Co., Inc.*, 2010 WL 383359, at *3–4 (D. Ariz. Jan. 29, 2010) ("Malcomson has effectively admitted Topps' version of the facts for purposes of the parties' competing motions for summary judgment

1  because he failed to file a controverting statement of facts in compliance with to Local Rule
2  56.1(b).").

3      Finally, the Court did not merely rely on Malcomson's failure to file a statement of
4  facts when it granted summary judgment to the Topps Company. Instead, the Court
5  addressed the merits of Malcomson's claim for joint ownership and determined that
6  Malcomson's claim failed as a matter of law. *See id.* at *4–9.

7      **IT IS THEREFORE ORDERED** that Malcomson's Motion to Alter or Amend
8  Judgment (Dkt. # 71) is **DENIED**.

9      DATED this 1st day of March, 2010.

G. Murray Snow
United States District Judge